HARDY, BROWN, GOSS & COMPANY v. HANSON T. CHENEY.

*Parties. Nonjoinder. Variance. Partners. Evidence. Motion to Dismiss. Plea in Abatement.*

The nonjoinder of a co-contractor as defendant, though he be a co-partner, is no ground of objection for variance, on trial of the merits. The defendant can avail himself of such objection only by plea in abatement. If it turns out that the purchase in question was made by the defendant on his own account alone, there would be no foundation for the motion to dismiss for such variance in fact or law. It makes no difference that the plaintiff understood that the defendant made the purchase in behalf of himself and others; or whether he so represented to the plaintiff at the time of the trade.

Where two or more are sued together as partners, the declaration of one is not evidence against the others to prove the copartnership. But when the copartnership is proved by competent evidence, if the contract in question is within the scope of the copartnership, what is said by one partner in negotiating the trade may be received to show whether the contract was made by him in behalf of the copartnership or on his own account.

The question litigated before the jury was whether the goods were sold by the plaintiff to the defendant on thirty or sixty days' credit. They were sold by the traveling agent of the plaintiff, who testified that he sold to the defendant on a credit of thirty days only; that he told the defendant that his employer never sold on a longer credit than thirty days, and that he had no authority to give him more than that, and testified that he did not agree to give him more than thirty days' credit. The defendant had testified that the agreement between him and the agent was for a credit of sixty days. *Held,* that it was competent for the plaintiff to testify that it was the agent's uniform habit and course of business to sell for cash, or on a credit not exceeding thirty days, and he was then and always had been under peremptory instructions not to give a credit exceeding thirty days.

ASSUMPSIT in the common counts. Plea, the general issue. Trial by jury. August term, 1868, WILSON, J., presiding.

The plaintiffs claimed to recover of the defendant for a bill of goods sold to the defendant the fore part of December, 1866, by one Baldwin, a traveling agent and salesman of the plaintiffs. The partnership of the plaintiffs and the sale to the defendant and receipt by him of the goods were conceded by the defendant. The plaintiffs introduced said Baldwin as a witness, who testified, among other things, that he called at the defendant's store in Eden, about the first of December, 1866, and proposed to sell him some goods ; that the defendant then told him, Baldwin, that the " Cheney Brothers " were in company, that the company consisted of the defendant and his two brothers, that he sold the goods to

48

the Cheney Brothers, that is, to the defendant and his two brothers, and upon their credit; that he ordered the goods in the name of the "Cheney Brothers;" that the goods were so entered on the plaintiffs' salesbook, and that he supposed at the time of the sale, from what the defendant told the witness, that the "Cheney Brothers" were in company buying the goods. It was not claimed on trial that the defendant was in company with either of his brothers, or any other person, at the time the goods were sold. It appeared that a brother of the defendant was present part of the time during the negotiations for the goods, but there was no evidence tending to show that he heard his brother make any representations as to whether the Cheney Brothers were or were not in company. The plaintiffs then introduced the defendant as a witness, who testified that he bargained for and purchased the bill of goods in his own name and upon his own individual credit; that he received the goods of the plaintiff; that neither of his brothers were ever in company with him, the defendant, and that it was his debt and for him to pay it according to the terms of the sale.

The defendant seasonably moved to dismiss the suit because of the variance or non-joinder of the brothers of the defendant. But the defendant having admitted that the goods were sold to him, and upon his own individual credit, and not to the "Cheney Brothers," nor upon their credit, and that neither of defendant's brothers was ever in company with him, the court allowed the plaintiffs to amend their specification by making it a bill against the defendant alone, agreeably to the fact, and overruled the defendant's motion; to which the defendant excepted.

The defendant claimed and gave testimony tending to prove that he bought the goods in question on a credit of sixty days. It appeared that this suit was commenced before the expiration of sixty days from the sale of the goods. The defendant testified, among other things, that he had never had any dealings with the plaintiffs, and never saw Baldwin, the plaintiffs' agent, before the time of the sale; that he asked Baldwin if he would give time on the bill if defendant concluded to make one; that Baldwin replied, that on a bill of from fifty to seventy-five dollars the plaintiffs gave thirty days' credit, on a larger one they would give longer time, and that he bought the bill in question, amounting to

between three and four hundred dollars, on a credit of sixty days.

The witness Baldwin testified, among other things, that, " as agent of the plaintiffs, I sold this bill of goods to the defendant on a credit of only thirty days. The defendant said he would like a longer credit. I told him my employers (the plaintiffs) never gave longer credit than thirty days on the sale of any bill of goods, but in some cases, when the bill became due, and the customer could not well pay it then, the plaintiffs had in some instances extended the time of payment ten or fifteen days where they could do so without danger of losing the debt. I told the defendant I had no authority to give him more than thirty days' credit, and if he (defendant) wanted more than thirty days' credit on this bill of goods, he must apply to the plaintiffs, and arrange the time of payment with them. I did not agree to give or agree that the plaintiffs would give any longer credit than thirty days."

The plaintiffs introduced Mr. Hardy, one of the plaintiffs, as a witness, who testified among other things that the plaintiffs understood at the time that the goods were put up and sent to the defendant that they were sold to him on a credit of thirty days only; that the plaintiffs had no knowledge or information from any source until after the 14th of January, 1867, that the defendant claimed any longer credit than thirty days from date of the sale; that Baldwin was authorized to sell for cash or on credit for thirty days; that the plaintiffs instructed Baldwin at the time they hired him and several times since, to sell for cash down or on a credit not exceeding thirty days, and that the instructions to Baldwin to sell only in this manner were imperative, and that Baldwin was not authorized to give the defendant more than thirty days' credit. This witness further testified that the plaintiffs had in no case given more than thirty days' credit on sale of goods, but had in some cases, on application of a debtor to a member of the plaintiffs' firm when the bill became due, in their discretion extended the time of payment ten or fifteen days; that the defendant never applied to either of the plaintiffs to extend the time of payment and that they never agreed or consented that the defendant should have more than thirty days' credit.

All that part of the testimony of Baldwin and Hardy, which relates to the authority of Baldwin as agent of the plaintiffs, was seasonably objected to by the defendant. The court overruled the objection and admitted the testimony; to which the defendant excepted.

The defendant did not notify the plaintiffs that he claimed the

goods were sold on sixty days' credit until he notified them by his letter on the 14th of January, 1867.

There was some other testimony tending to show that only thirty days' credit was given; and no testimony to show that the plaintiffs had any knowledge or notice, until the 14th day of January, that the defendant claimed he had made any agreement with Baldwin for more than thirty days' credit.

Exception was taken to the charge of the court on the question of credit, but it is done away with by the special finding of the jury that the goods were sold on a credit of thirty days. Verdict for the plaintiffs.

*Powers & Gleed*, for the defendant.

*Benton & Wilson*, for the plaintiffs.

The opinion of the court was delivered by

PECK, J. The motion of the defendant to dismiss the suit, " because of the variance, or *non-joinder* of the brothers of the defendant," was properly overruled. The non-joinder of a co-contractor as defendant in assumpsit is no ground of objection for variance on trial of the merits. The defendant can avail himself of such objection only by plea in abatement. This principle is equally applicable to copartners as to other joint contractors. Had it appeared therefore in proof at the time the motion was made and overruled, that the sale of the goods was made to the defendant and his brothers as copartners, and that they were jointly liable in that capacity, the ruling of the county court would have been correct. But there was no evidence in the case tending to show that the brothers of the defendant were liable for the goods, or that they were even partners, of which the defendant could avail himself; unless what Baldwin, the plaintiff's agent, who made the sale, testifies that the defendant told him, can be so regarded. But in an action against the defendant and his brothers, these declarations would not be legal evidence against the brothers of the defendant tending to show that they were partners with this defendant, or jointly liable for the purchase.

Where two or more are sued together as partners, the declaration of one is not evidence against the others to prove the copartnership. But when the copartnership is proved by competent evidence, if the contract in question is within the scope of the copartnership, what is said by one partner in negotiating the trade, may be received to show whether the contract was made by him in behalf of the copartnership, or on his own account. The case states that one of the brothers of the defendant was present part of the time during the negotiation ; but it is stated that there was no evidence tending to show that he heard the defendant make any representation as to the Cheney Brothers being copartners. But in addition to this the defendant himself testified there never was any such copartnership, and that he bought the goods solely on his own account. It also appears that it was not claimed on trial that the defendant in fact was a partner with either of his brothers at the time of the purchase. The defendant's motion therefore had no foundation in fact or law. It makes no difference that Baldwin understood that the defendant made the purchase in behalf of himself and brothers ; or whether the defendant so represented to him at the time of the trade.

The question litigated before the jury was whether the goods were sold on thirty days' credit, or on a credit of sixty days. If on sixty days the action was premature. The jury have found specially that the sale was on a credit of thirty days only. The exception to the charge is abandoned. The defendant objected to that part of the testimony of Baldwin, and to that part of the testimony of Hardy, one of the plaintiffs, which relates to the authority of Baldwin as agent of the plaintiffs, and to its admission exception was taken. The exception is insisted on in argument only so far as it relates to the testimony of Hardy. Baldwin was the traveling agent and salesman of the plaintiffs, and made the sale as such agent, to the defendant. He had, among other things, testified that he sold the goods to the defendant on a credit of only thirty days ; that he told him his employers, the plaintiffs, never sold on a longer credit than thirty days ; that he told the defendant he had no authority to give him more than thirty days' credit, and that he did not agree to give, or agree that the plain-

tiffs would give any longer credit than thirty days. The defendant had testified, among other things, that the agreement between him and Baldwin was for a credit of sixty days. If it was Baldwin's uniform habit and course of business in the plaintiffs' employ, to sell for cash or on a credit not exceeding thirty days, and if he was at the time of the sale, and previously had been during all the time he had been thus employed, under peremptory instructions to sell for cash or on a credit not exceeding thirty days, it would be a circumstance calculated to inspire confidence in some measure in the recollection of the witness Baldwin, as to the terms of credit he gave in this particular instance. So far as Hardy testified to this uniform course of business, no objection was made. The exception is only to that part of the testimony to the effect that Baldwin was under peremptory instructions not to sell on a credit exceeding thirty days. But the fact that Baldwin was thus limited in his authority is a circumstance that the jury might properly consider as confirmatory or corroborative of the testimony of Baldwin in determining the question whether the stipulated credit was thirty or sixty days. The jury might consider that if Baldwin in this instance departed from his uniform course of business, and exceeded his authority as to the term of credit, he would be likely to remember it; and that he would be more likely to forget whether the credit given was thirty or sixty days, if both were within the limit of his authority and instructions. We think the jury were more likely to come to a correct conclusion upon the point in dispute, with this evidence before them, than if they had been left in the dark as to Baldwin's authority and instructions.

The judgment of the county court is affirmed.