### JOSEPH MULHALL et al.

#### v.

### ANDREW J. GILLESPIE.

1. JOINT LIABILITY—*for money advanced on dispatch.* Defendants described in the declaration as partners, or as doing business under a firm name, are jointly liable to one who advances or pays money for them upon a dispatch in the firm name requesting such payment, where the partnership or joint liability is not put in issue.

2. If the joint liability of the defendants is proved, it is not material whether they are described in the declaration as partners, and a recovery may be had.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of assumpsit, by Andrew J. Gillespie against Joseph Mulhall and Samuel Sealing, for money advanced and paid out at their request. The partnership or joint liability of the defendants was not put in issue by plea verified.

Mr. HENRY B. O'REILLY, and Messrs. HAY & KNISPEL, for the appellants.

Mr. G. VAN HOOREBEKE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The issue made by the pleadings in this case in the court below, was simply whether plaintiff had advanced money to a third party at the request of the defendants, and on examination we are satisfied the testimony given at the trial is sufficient to sustain a recovery. In the declaration it is alleged defendants were doing business "under the name of Joseph Mulhall & Co." There is evidence tending to prove that the dispatch upon which plaintiff advanced the money was signed

by the firm name under which it is averred defendants were doing business, and, if genuine, it shows a joint liability on the part of defendants. Whether that dispatch was genuine and signed in the firm name was a question of fact, and on the evidence, conflicting as it is in some degree, the jury have found that issue against defendants, and we can not do otherwise than regard it as well found. Assuming it to be true, according to the finding of the jury, that the dispatch was signed by defendants in their firm name, it was a sufficient warrant to plaintiff to pay the sum of money mentioned, on their joint account. It was equivalent to a request on plaintiff to pay so much money for them, which he did, and thereupon the obligation of defendants to reimburse plaintiff became absolute.

What relations may have existed between defendants and the party to whom the money was paid, is not material in the decision of the case, nor whether defendants received the cattle shipped by him. It is enough that plaintiff advanced the money on behalf of defendants, and that, we think, is sufficiently proven by the production of a dispatch to that effect in the firm name of defendants, and proof of its genuineness.

If the joint liability of defendants was proved, it is not material whether they were described in the declaration as partners, and the instructions on that branch of the case, whether critically correct or not, did no harm, and would constitute no just ground for reversing the judgment.

That there is evidence tending to sustain the verdict can not be gainsaid, and as it seems to be just, the judgment must be affirmed.

*Judgment affirmed.*