SLUTTS vs. CHAFEE and another.

*February 24 — March 9, 1880.*

48    617
59 LRA 624

PLEADING: *Action held to be on contract: Nonsuit for nonjoinder of joint obligee.*

Complaint in justice's court, " that defendants are *indebted* " to plaintiff " in manner following: for a stove lent to defendants    .    .    .    .    of the value, etc.,    .    .    .    .    which defendants have never returned to plaintiff, and refused to return when demanded." *Held*, an action *ex contractu;* and on proof (upon appeal to the circuit court) that the stove belonged to plaintiff *and another person*, as copartners, a nonsuit should have been granted.

APPEAL from the Circuit Court for *Portage* County.

Defendants appealed from a judgment in favor of the plaintiff.

The appeal was submitted on the brief of *Raymond & Haseltine* for the appellants, and that of *G. W. Cate* for the respondent.

COLE, J.   This action was commenced before a justice of the peace.   The complaint was oral, and as entered in the docket of the justice was as follows:   " Plaintiff complains that defendant is indebted to him in manner following: for a stove lent to defendants some time in 1870 or 1871, which stove was of the value of about $45, and which defendants have never returned to plaintiff, and refused to return it when demanded; and demands judgment, with costs."

The answer of the defendants was a general denial, and that one S. J. Plummer was a copartner with the defendants, and should be joined as a defendant in the action; also the statute of limitations.   Judgment was rendered by the justice in favor of the plaintiff, and the defendants appealed the cause.   At the close of the testimony in the circuit court, the defendants moved for a nonsuit, which was denied and an exception taken. The learned circuit court, among other things, charged that the action was what in law was termed an action of trover, and this charge was excepted to.   There was a verdict for the plaintiff.   The real question arising on the record is, whether the court below was right in treating this as an action of tort, thereby rendering the joinder of Plummer unnecessary.   Upon looking at the complaint, as we must do to determine this question, it seems to us it states a cause of action *ex contractu.*

The plaintiff alleges, or states, that the defendants are indebted to him for the value of the stove which he lent them, and which they have never returned.   The word "indebted" is significant, for it is a legal term, having a legal meaning, and implies a debt presently payable.   It was so defined by this court in *Trowbridge v. Sickler*, 42 Wis., 417.   It seems to us

that it is a forced and unnatural construction of the language of the complaint to assume or hold that it is for a wrongful conversion of the stove. Possibly the evidence introduced on the trial would sustain such an action, but that does not appear to be the gist or gravamen of the complaint; for, as we have said, the emphatic word used implies an obligation or duty springing from or arising upon contract. Great liberality in pleading is allowed in the justice's court; but surely a party ought to make it clearly manifest that he sues for a tort, when that is the cause of action. Suppose the defendants were arrested on a *ca..sa.* issued on the judgment, and imprisoned: would any court hesitate to declare such imprisonment unlawful, upon an examination of the complaint? It seems to us not. Now, if we are right in supposing the action was *ex contractu*, then it is apparent that Plummer should have been made a party defendant; and, because he was not brought in, we think there should be a new trial. It is true, the amount involved is inconsiderable; but we cannot affirm the judgment without a violation of legal principles.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.