GEORGE VAN DYKE v. WILDER & COMPANY.

MAY TERM, 1894.

*Evidence.    Authority of agent as bearing upon what he
did.    Accord and satisfaction.*

1.    The question was whether certain logs delivered by the plaint-
iff to the defendant were to be measured by the Maine rule
or the Blodgett rule.   The contract of purchase was made
between the plaintiff and one Hall, acting for the defend-
ant, and the defendant conceded that Hall had authority to
contract.   It did not appear whether Hall was improved as
a witness.   *Held,* no error in refusing to permit the de-
fendant to show that the authority given Hall was to pur-
chase only by the Blodgett rule.

2.    The defendants enclosed a check for the amount which he
claimed to be due in the following letter : "We claim this
to be in full settlement of account; but admit that you do
not allow the claim."   The plaintiff received the check and
gave the defendant credit on account.   *Held,* no accord and
satisfaction.

General assumpsit.    Plea, the general issue.    Heard upon
the report of a referee at the December term, Caledonia
county, 1893, ROWELL, J., presiding.    Judgment on the
report for the plaintiff.    The defendants except.

The plaintiff sought to recover the balance due for logs
furnished by him to the defendants.    Negotiations for the
sale of these logs were first entered into between the plaint-
iff and Wilder, one of the defendants ; but before any con-
tract was concluded Wilder referred the matter to one Hall
as his agent, and the trade was completed between the

plaintiff and Hall. The defendants conceded that Hall had authority as their agent to make the contract.

The plaintiff claimed that the purchase price of the logs was eleven dollars per thousand feet, to be surveyed by what was called the Maine rule at full survey. The defendants conceded that the purchase price was eleven dollars per thousand feet, but insisted that the survey was to be by the Blodgett rule. The defendants alleged that the difference between these two rules was that the Maine rule allowed one hundred cubic feet to one thousand board feet, while the Blodgett rule allowed one hundred and fifteen cubic feet to one thousand board feet.

The referee found that the survey was to be made by the Maine rule.

The plaintiff proceeded to deliver logs under the contract and to render a survey with each lot. The defendants surveyed the logs as received for the first two months, rendering an account of the surveys. So long as both parties made surveys they substantially agreed in the number of cubic feet, and the referee reported that he was unable to find that the two rules used by the plaintiff and defendants did not make the same quantity of cubic feet.

Upon the trial the defendant offered to show that the only authority given Hall was to purchase logs by the Blodgett rule and that such authority was by special direction. The evidence was excluded and the defendants excepted.

The question of accord and satisfaction is fully stated in the opinion.

*Bates & May* for the defendant.

The defendant should have been permitted to show what the authority of Hall was as bearing upon what he probably did under that authority. *Bennett* v. *Stacy*, 48 Vt. 163; *Davis* v. *Bank*, 48 Vt. 532; 1 Phillip's Ev., 520.

The receipt of the check by the plaintiff worked an accord

and satisfaction. *McDaniels* v. *Lapham*, 21 Vt. 222; *Mc-Glynn* v. *Billings*, 16 Vt. 329; *Preston* v. *Grant*, 34 Vt. 201; *Hill* v. *Somer*, 6 N. H. 469; *Fuller* v. *Kemp*, 16 N. Y. 158; *Birdell* v. *Bissell*, 6 Col. 162; *Jones* v. *Perkins*, 29 Miss. 139; *Donahue* v. *Hitchcock*, 6 Cush. 148; S. C. 52 Am. Dec., 777; *Bull* v. *Bull*, 43 Conn. 455.

*W. P. Stafford* for the plaintiff.

The defendant should not be allowed to show the secret instructions to his agent as bearing upon the question of what that agent actually did. *Hine* v. *Pomeroy*, 39 Vt. 211.

There was no accord and satisfaction. *Miller* v. *Holden*, 18 Vt. 340; *Preston* v. *Grant*, 34 Vt. 203; *Brigham* v. *Dana*, 29 Vt. 1; *Gossett* v. *Andover*, 21 Vt. 242.

THOMPSON, J.   I.   The referee reports that the defendants conceded that "whatever trade was made" with the plaintiff in the purchase of the logs was made by Hall as their agent.   Therefore no question in respect to agency is before this court.

On trial the defendants claimed that by the terms of the trade the logs were to be measured by the "Blodgett rule," and offered to show by defendant Wilder "that the authority given to Hall was to purchase only by the Blodgett survey or rule," which evidence was excluded.   The referee has found that the logs were to be surveyed by the Maine rule, full measure, and that they were so surveyed by the plaintiff; and that the logs were surveyed by both plaintiff and defendants by the same rule, or at least each surveyed them by a rule which produced substantially the same result as the other.   This is in effect a finding that the Maine rule and the Blodgett rule are alike, each giving the same number of cubic feet in the log surveyed.

The defendants urge that it was error to exclude the evidence offered for the reason that it bore upon the probability of the contract having been made as claimed by them in respect to the rule by which the logs were to be measured. In support of this contention they rely upon *Hardy* v. *Cheney*, 42 Vt. 417. In that case the question litigated before the jury was whether the goods were sold on thirty days' credit, or on a credit of sixty days. If on sixty days the action was premature. Baldwin was the traveling agent and salesman of the plaintiff and made the sale, as such agent, to the defendant. He was improved as a witness by the plaintiff, and among other things testified that he sold the goods to the defendant on a credit of only thirty days; that he told him his employers, the plaintiffs, never sold on longer credit than thirty days; that he told the defendant he had no authority to give him more than thirty days' credit, and that he did not agree to give or agree that the plaintiffs would give a longer credit than thirty days. The defendant testified that the agreement between him and Baldwin was for a credit of sixty days. Against the defendant's exception, Hardy, one of the plaintiffs, was permitted to testify that Baldwin was under peremptory instructions not to sell on a credit exceeding thirty days, and this court held that this testimony was admissible as corroborative of the testimony of Baldwin.

In the case at bar it does not appear that Hall was improved as a witness and testified as to what were the terms of the trade. Hence the excluded evidence was not admissible to corroborate his version of the transaction. It was not admissible as evidence in chief of the terms of the trade actually made between the plaintiff and Hall. Unaided by other evidence, it had no tendency to prove what in fact was said and done when the trade was made. On the facts reported we think this evidence was properly excluded.

This view of the matter renders it unnecessary for us to

consider the defendant's claim that one hundred fifteen cubic feet of logs were to be equivalent to one thousand feet board measure.

II.   Some time prior to March 14, 1884, the plaintiff and one of the defendants had a talk in which this defendant offered to pay the plaintiff what this defendant said was due on the logs, to which the plaintiff replied that he would take the money and apply it on account.   No money was delivered to the plaintiff at that time.   In a letter dated March 14, 1884, and addressed to the plaintiff, the defendant sent him six hundred nine dollars and fifty-five cents, which he received and credited the same on defendants' account. The letter was signed by the defendants, and the body of it was as follows :

"*Dear Sir :*—Please find enclosed our check for six hundred nine and fifty-five one-hundredths dollars.

" We claim this to be in full settlement of account, but admit that you do not allow the claim."

The defendant contends that the retention of the six hundred nine dollars and fifty-five cents by the plaintiff under these circumstances operates as an accord and satisfaction.

The referee does not find that the check was accepted by the plaintiff in satisfaction, or that it was in fact offered as an accord.   This was a question of fact for the referee to determine.   *Miller* v. *Holden*, 18 Vt. 340.   Do the facts reported by him constitute in law an accord and satisfaction ? The answer to this question depends upon the construction put upon the letter of defendants.   In *Preston* v. *Grant*, 34 Vt. 203, Pierpoint, J., says :

" To constitute an accord and satisfaction it is necessary that the money should be offered in satisfaction of the claim and be accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition."

To the same effect are *Towslee* v. *Healey*, 39 Vt. 522; *Boston Rubber Co.* v. *Peerless Wringer Co.*, 58 Vt. 551; *Bingham* v. *Dana*, 29 Vt. 1; *Gassett* v. *Andover*, 21 Vt. 342.

There was no declaration in the defendants' letter that if the plaintiff took and retained the six hundred nine dollars and fifty-five cents it must be taken in full satisfaction of his claim. On the contrary, it in effect informed him that the defendants did not understand it was to have such an effect, and that he could take it without such taking operating as an admission on his part that it was in full satisfaction of his claim, or precluding him from any of his rights in the premises. This is the fair construction of the letter itself, and were it ambiguous, it must receive this construction in view of what occurred in respect to a payment before the letter was sent. We therefore hold there was no accord and satisfaction.

*Judgment affirmed.*

Start, J., being engaged in county court, did not sit.