## J. R. Cox v. Gille Hardware & Iron Co.

### (Filed Aug. 24, 1899.)

1. PARTNERSHIP—*Individual Liability*. As a general rule, the members of a co-partnership are jointly, and not severally, liable for the debts of the co-partnership.

2. ACTION—*Parties Defendant*. One member of a co-partnership cannot be sued for the debt of the firm without joining all the members of the firm as defendants.

3. PLEADING—*Demurrer—Practice*. Where a suit is brought against one person, and the petition discloses on its face that the debt sued on is the debt of a co-partnership, a demurrer for defect of parties defendant is the proper practice, and should be sustained.

4. PARTNERSHIP — *Liability of Partners — Statutes*. Our statute (section 3524, Statutes 1893) making each general partner liable to third persons for all the obligations of the partnership jointly with his co-partners is declaratory of the common law, and does not change or modify the common-law rule.

5. SAME—*Rights of Partners*. While each partner is liable *in solido* for all debts of the firm, one partner cannot be sued alone, unless he has by some act rendered himself severally liable; and each partner has a right to require all who are jointly liable with him to be made parties to a suit upon any partnership liability.

(Syllabus by the Court.)

*Error from the Probate Court of Kay County; before Robert A. Neff, Probate Judge.*

*Ed. L. Peckham*, for plaintiff in error.

*J. L. Roberson*, for defendant in error.

Action by the Gille Hardware & Iron company against J. R. Cox. Judgment was entered on an order overrul-

ing defendant's demurrer to the petition, and he brings error. Reversed.

Opinion of the court by

BURFORD, C. J.: The defendant in error, on the 9th day of April, 1897, commenced in the probate court of Kay county, Oklahoma Territory, its action against J. R. Cox, the plaintiff in error, to recover upon account for goods, wares, and merchandise sold to J. R. Cox & Co., and on that day filed in said court its petition, with account attached, which, omiting the heading, reads as follows, to wit:

"The plaintiff complains of the defendant, and says it is a corporation organized under the laws of Missouri, and has complied with the statutes of Oklahoma Territory governing foreign corporations; that the defendants are indebted to it in the sum of $153.64 for goods and merchandise sold and delivered to the defendants at their special instance and request, as shown by the account attached hereto, and made a part hereof, marked 'Exhibit A.' The plaintiff therefore prays judgment in the sum of $153.64, together with interest from January 4, 1894, at the rate of 7 per cent.    Gille Hardware & Iron Co., by J. L. Roberson, Their Attorney.

"Exhibit A.

"KANSAS CITY, Mo., March 12, 1897.

J. R. Cox & Co. in Account with Gille Hardware & Iron Co.

| | | |
|---|---:|---:|
| To balance rendered January, 1894 | $ 26 | 42 |
| 1894. Jan. 4. Mdse | 130 | 52 |
| | $156 | 94 |
| 1895. Jan. 3. Allow T. Tools | 3 | 30 |
| | $153 | 64 |

"State of Missouri, County of Jackson—ss.:

"E. P. Weyer, being duly sworn, on his oath states that he is the cashier of the Gille Hardware & Iron company, which is a corporation; that annexed account is correct, due, and unpaid; and that J. R. Cox & Co., of Blackwell, Oklahoma, is justly indebted to said firm in the sum of $153.64, exclusive of all just credits and set-offs.

·"E. P. WEYER.

"Subscribed and sworn to before me this 12th day of March, 1897.

"GEO. A. HIGINBOTHAM, Notary Public."

To this petition the plaintiff in error, J. R. Cox, filed his separate demurrer, in which he set forth two grounds of demurrer: First, that there is a defect in the parties defendant; and, second, that the petition does not state facts sufficient to constitute a cause of action.

This demurrer was, by the court, heard and overruled. The plaintiff in error elected to stand upon his demurrer, declined to plead further, and judgment was rendered in favor of defendant in error against Cox personally for the sum of $190.34 and costs. From this judgment Cox appeals to this court.

The first error assigned is that the court erred in overruling the demurrer to the petition. It is apparent from the face of the petition, aided by the verified statement of account, which is made an exhibit to the petition, that the action is on contract for goods and merchandise sold and delivered to J. R. Cox & Co. The court will not presume that J. R. Cox & Co. is the name of a person; nor can it presume, in the absence of any averment, that J. R. Cox contracted the indebtedness in the name of J. R. Cox & Co. The name J. R. Cox & Co. imports a firm or co-partnership composed of two or more persons, and, while no specific averment is made that the con-

tracting parties constitute a co-partnership, yet the court will infer the same from the facts appearing on the face of the petition and exhibit. The use of a firm name implies a partnership. (*Love v. Blair*, 72 Ind. 281.)

Unless the common-law rule is changed by our statutes, the demurrer for defect of parties defendant should have been sustained. Bates, in his Law of Partnership (section 1049,) says: "Partnership engagements being in law joint only, if objection is made to non-joinder, all the partners who were such at the date of the contract must be joined as defendants, for partners are entitled to have the judgment go against all. Even though some are non-residents, yet they must be joined." And again, in section 1050, the same author says: "If the declaration discloses a partnership, and but one partner is sued, unless the absence of the others is accounted for—as by death—it is demurrable, for the others are presumed to be still living."

In Lindley on Partnership (p. 192) it is said: "An agent who contracts for a known principal is not liable to be himself sued on the contract into which he has avowedly entered only as agent. Consequently, a partner who enters into a contract on behalf of his firm is not liable on that contract except as one of the firm; in other words, the contract is not binding on him separately, but only on him and his co-partners jointly. One partner may render himself separately liable by holding himself out as the only member of the firm, or by so framing the contract as to bind himself separately from his co-partners as well as jointly with them; but unless there are some special circumstances of this sort, a contract which is binding on the firm is binding on all the partners jointly, and on none of them severally."

In actions *ex contractu* to enforce a partnership lia-bility, all the partners must be made parties defendant. (*Mullhall v. Gillespie*, 89 Ill. 346; *Pettis v. Atkins*, 60 Ill. 454; *Harrison v. McCormick*, 69 Cal. 616, 11 Pac. 456; *Slutts v. Chaffee*, 48 Wis. 617, 4 N. W. 763.)

"Each partner is liable *in solido* for all debts of the firm. This does not mean that one partner can be sued alone, which depends upon whether the liability is joint or several; but means the entire fortune of each partner, not only that embarked in the business, but whatever he may own, is liable to make good the firm debts, whether the other partners are able to contribute or not, and re-gardless of the amount or proportion of his interest in the firm, whether it be large or small; the consequence is the same." (Bates, Partn. sec. 457.)

Many of the states have abrogated the common-law rule, and have, by statute, made all joint debts joint and several. This seems to be the case in Alabama, Arkan-sas, Colorado, Georgia, Iowa, Kansas, Kentucky, Miss-issippi, Missouri, Montana, New Jersey, New Mexico, North Carolina, Tennessee, Texas, and probably others. But our statutes do not seem to change the rule in reference to partnership liabilities. Section 3524, Statutes of 1893, provides: "Every general partner is liable to third persons for all the obligations of the part-nership jointly with his co-partners." This section is declaratory of the common law, and does not change or modify it. We have no other statute which will in any manner change the liability of partners. Section 79, Code Civ. Proc. (section 3957, Statutes of 1893,) provides: "Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: First: If the action be against defendants jointly indebted upon

contract, he may proceed against the defendants served, unless the court otherwise direct, and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served; and if they are subject to arrest, against the persons of the defendants served. Second: If the action be against defendants severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants."

But this section does not authorize a suit against one member of a firm for a partnership debt. If all the members of the firm are sued, and some are not served, the plaintiff may have judgment against all the defendants jointly indebted in so far as it may be enforced against the joint property of all the defendants. In order to entitle the plaintiff to the rights conferred by this statute, he must join as defendants all who are jointly liable on the contract. We have no statute authorizing a partnership to sue or be sued in the firm name, but the members comprising the firm may sue and be sued, and all parties in interest must be made either parties plaintiff or defendant.

Section 37, Code Civ. Proc. (section 3909, Statutes of 1893,) provides: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants." The plaintiff sued J. R. Cox for a debt incurred by J. R. Cox & Co. It is reasonable to infer that the "Co." is some other person or persons than J. R. Cox, and that such person or persons are united in interest with him; and hence such other person or persons must be joined with him as defendants. If service cannot be

made upon such other defendants, then the plaintiff may proceed against the ones served, without prejudice to the rights of any of the parties in interest. (Statutes of 1893, section 3957; *Grocer Co. v. Burnham*, 6 Okla. 618, 52 Pac. 918; Fitman, Trial Proc. section 345.)

Section 89, Code Civ. Proc. (section 3967, Statutes of 1893,) makes a defect of parties defendant a cause of demurrer. It appears from the face of the petition that there is a defect of parties defendant, and the demurrer should have been sustained. For the error of the court in overruling defendant's demurrer to the petition, the judgment is reversed, and cause remanded, with directions to sustain the demurrer for defect of parties defendant, and for further proceedings. Reversed at costs of defendant in error.

All of the Justices concurring.