## SCHRODER v. PINCH.

PARTNERSHIP DEBT—EVIDENCE—DEFECT OF PARTIES.

*1. Under the facts stated in the opinion, there was evidence tending to show that the account sued upon was a partnership debt.

2. The nonjoinder of defendant's partner could only be raised by a plea in abatement.

Error to Calhoun; Smith, J. Submitted February 12, 1901. Decided March 26, 1901.

*Assumpsit* by William Schroder against Benjamin W. Pinch for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Affirmed.

Defendant, Pinch, and one Robinson, were copartners under the firm name of Pinch & Robinson, and were engaged in the manufacture of carriages. While they were copartners, plaintiff, a grocery man, bought of them a phaeton for $150; $50 to be paid in groceries, and $25 per month until the balance was paid. The phaeton was

---

* Head-notes by GRANT, J.

delivered, and groceries were delivered from time to time to Pinch & Robinson and to their employés. There were other mutual deals between them. In January, 1899, Robinson sold out all his interest in the partnership to Mary A. Pinch. Mr. Pinch was a party to that agreement, and thereby agreed to pay all the debts theretofore contracted by Pinch & Robinson, and to save Robinson harmless therefrom. By mutual understanding, and for convenience in settling between the partners, the goods delivered under the arrangement by plaintiff were charged to each partner separately. At the time Mr. Robinson sold out he had obtained from plaintiff under the arrangement goods to the value of $22.10, and for that this suit was brought and judgment recovered. The declaration has a special count setting up the two agreements, the one for the sale of the phaeton, and the other for the sale of Robinson's interest to Pinch, and his agreement to pay the partnership debts. It also contained the common count in *assumpsit*. A bill of particulars was demanded and furnished. Plea, general issue and notice of set-off.

*W. S. Powers*, for appellant.

*O. S. Clark*, for appellee.

GRANT, J. (*after stating the facts*). Two defenses are interposed:

1. That the account sued upon was not a partnership debt.
2. That plaintiff cannot maintain the action, because he was not a party to the agreement between Pinch and Robinson when the partnership was dissolved.

We think there is testimony tending to show that it was a partnership account. That was the only question submitted to the jury, and they have settled it in favor of the plaintiff.

Defendant was liable as a member of the firm, and no doubt could arise as to plaintiff's right to recover as against the members of the firm. The declaration in-

formed him of the nature of the claim, and he could only take advantage of the nonjoinder of his partner as defendant by a plea in abatement. Story, Partn. §§ 241 (note), 455; *Slutts* v. *Chafee*, 48 Wis. 617 (4 N. W. 763); *Hardy* v. *Cheney*, 42 Vt. 417; 15 Enc. Pl. & Prac. 894.

Judgment affirmed.

The other Justices concurred.