[S. F. No. 4395.    Department Two.—November 13, 1907.]

W. H. DAVIS, as Assignee of the Estate of Mary E. Pleasant, an Insolvent Debtor, Appellant, v. DONOHOE-KELLY BANKING COMPANY, Respondent.

BAILMENT—TITLE OF BAILOR MAY BE DISPUTED.—The general rule that a bailee cannot dispute the title of his bailor is not of universal application, and has its exceptions even in the usual case where the contract of bailment arises out of the simple fact that the bailor has deposited the property with the bailee, and there are no special circumstances or agreements which modify the presumption that the bailor is the owner.

ID.—DEPOSIT BY AGENT—DELIVERY TO PRINCIPAL—INSOLVENCY OF AGENT.
—Where an agent deposits with a bank a box indorsed with the
name of and containing property belonging to the principal, with
written instructions that it was not to be delivered to anyone except
the principal or the agent, the bailee has the right, although he
knows of the insolvency of the agent and the transfer of his property
to an assignee, to deliver the box to the principal; and in an action
by the assignee to recover the property or its value the bailee may
set up such facts as a defense.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

H. V. Morehouse, and J. E. Alexander, for Appellant.

Galpin & Bolton, for Respondent.

McFARLAND, J.—This action was brought by the assignee
in insolvency of Mary E. Pleasant to recover a certain tin box
and its contents, or the value thereof, alleged to have been
deposited by said Pleasant with defendant in the year 1898.
The case was tried without a jury, and the court made find-
ings and rendered judgment for defendant.   From the judg-
ment the plaintiff appeals.

The appeal is upon the judgment-roll which consists of the
pleadings, findings, and the judgment.   There is no bill of
exceptions, and, of course, no question as to the sufficiency of
the evidence to support the findings, or as to any error com-
mitted during the trial.   The claim of appellant for reversal
rests only upon the contention that the findings do not support
the judgment, and that upon their face the judgment should
have been for appellant.

The material findings of the court are these: In the year
1896 the said insolvent Pleasant gave to the defendant at its
banking house the tin box locked, upon which was painted in
large letters the name "Teresa P. Bell," and on a wrapper
inclosing the box was written "Not to be delivered to any
one except Mrs. T. P. Bell or Mrs. M. E. Pleasant."   It con-
tained jewels and precious stones to the value of fifteen thou-
sand dollars.   The defendant kept the box for about three
years, no one during that period having demanded it; and on

or about April 1, 1899, the said Teresa P. Bell demanded the
box of the defendant and the latter then delivered it to said
Mrs. Bell. At the time of the delivery of the box to the
defendant by Mrs. Pleasant the latter was the servant and
agent of Mrs. Bell, receiving from her a monthly salary. She
had no ownership of the box or its contents and acted merely
as Mrs. Bell's agent. Mrs. Bell was then and ever since has
been the sole owner of said box and its contents. Upon the
above facts, considered alone, it is obvious that Mrs. Bell had
the right to demand the box, and that the defendant was per-
fectly justified in delivering it to her; and we do not think
that certain other facts relied upon by appellant at all affect
the obvious conclusion above stated.

The other facts relied upon by appellant are these: On
March 26, 1898, certain creditors of Mrs. Pleasant filed in
the proper court a petition in involuntary insolvency, praying
that she be adjudicated an insolvent debtor; upon the filing
of said petition the court made the usual order that she appear
and show cause, etc., and also prohibiting the payment of any
debts or the transfer of any property by her. She appeared
and contested the insolvency proceedings, and after the con-
test she was duly adjudicated an insolvent, and on June 22,
1899, an assignee was elected and qualified and the clerk
executed a written instrument assigning and conveying all of
the insolvent's property to the assignee. On January 19,
1902, about three years after the delivery of the box by defend-
ant to Mrs. Bell, the assignee demanded the same of defend-
ant. At the time of the delivery of the box to Mrs. Bell the
defendant had knowledge of the filing of said petition in
insolvency.

Upon the facts last above stated appellant contends that on
the filing of the petition in insolvency the said box, as the
property of the insolvent, went into the custody of the law;
that thereafter defendant had no right to deliver it to Mrs.
Bell, and that after the election of the assignee the said prop-
erty went into the ownership of the assignee, who ever since
has been entitled to recover it from defendant. But during
that time the box was the property of Mrs. Bell, not the prop-
erty of the insolvent, and the ownership of Mrs. Bell was not
affected by the insolvency proceedings against Mrs. Pleasant.
Appellant says the relation between Mrs. Pleasant and the

defendant, respecting the box, was that of bailor and bailee, and invokes the general rule that a bailee cannot dispute the title of his bailor, and that therefore defendant cannot show who the real owner was. This general rule is not of universal application, and has its exceptions—even in the usual case where the contract of bailment arises out of the simple fact that the bailor has deposited the property with the bailee and there are no special circumstances or agreements which modify the presumption that the bailor is the owner. In the case at bar there are not only the facts that Mrs. Pleasant was not the owner of the property, and that Mrs. Bell was such owner; there was on the property itself *indicia* of Mrs. Bell's ownership, and an express direction that the box be delivered to her on her demand. Therefore, when Mrs. Bell demanded the property it was her right to receive it, and it was the duty of defendant to deliver it to her under the express terms of the contract upon which defendant received possession. To now compel defendant to pay to the assignee of Mrs. Pleasant fifteen thousand dollars for property which she never owned, and which defendant had delivered to the true owner under the express provision of the contract upon which defendant had received it, would be a perversion of justice which could be warranted only by some inexorable technical rule which, in our opinion, is not presented in the case at bar.

Appellant contends that there is no denial in the answer that Mrs. Pleasant was the owner of the property in question, or averment that Mrs. Bell was such owner. We do not think there is any merit in this contention. It is true that some little confusion is created by the reference in the answer to more than one tin box deposited with defendant; but we think there is a clear denial of Mrs. Pleasant's ownership and an averment of Mrs. Bell's ownership of the particular tin box and its contents which are the subject of this action.

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.