## RIGHT WAY LAUNDRY v. DAVIS.

No. 12928—Opinion Filed April 8, 1924.

1. **Bailment—Action Against Cleaner and Presser for Value of Clothes Not Returned—Burden of Proof.**

In an action by the bailor against the bailee for hire to recover the value of a suit of clothes delivered by the bailor to the bailee for cleaning and pressing, where the bailee has failed to deliver the same to the bailor on demand, the burden of establishing negligence rests upon the bailor, but this burden is satisfied when the bailor has shown a delivery of the property to the bailee and a failure or refusal by the bailee to make delivery upon demand and is sufficient to cast upon the bailee the burden of explaining his failure to make delivery on demand.

2. **Same—Loss by Fire—Negligence—Jury Question.**

Where it was made to appear by the evi-

dence of the defendant that the suit of clothes was injured and destroyed for all practical purposes by fire caused by an explosion in the tumbler where it was in the process of drying, it was a question for the jury, under proper instructions, to say whether the loss was caused by the negligence of the defendant.

3. **Same — Parties Defendant — Action Against One Partner Alone.**

An action of tort may be maintained against one member of a partnership without joining the other; and, in an action to recover for the loss of a suit of clothes brought against one member of a partnership engaged in the cleaning and pressing business, where it was made to appear by the evidence that the suit was delivered to the defendant and received by him and delivered to the partnership to be cleaned and pressed, it was not reversible error to instruct the jury that if they "found by a preponderance of the evidence that either the defendant or the partnership was liable, then, and in that event, the defendant would be liable for the obligations of the partnership."

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Earl Davis against the Right Way Laundry, a corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

Nelson & Blair, for plaintiff in error.

S. E. Dunn, for defendant in error.

Opinion by RAY, C. Plaintiff alleged in his bill of particulars that he delivered to the defendant one suit of clothes of the value of $50 for the purpose of having it cleaned and pressed, and the defendant received it for that purpose and had failed and refused to return it although demand had been made therefor. Plaintiff testified that he delivered the suit in the morning to a young lady in the front of the building where they received laundry packages; that he went back that afternoon to get the suit and was informed that it had been burned up during the day; the gas tank had exploded and caught fire and burned up the suit.

It is contended that the plaintiff's evidence showed that the damage to the suit was caused by fire and the plaintiff having failed to show any negligence on the part of the defendant which caused the fire, the court should have sustained defendant's demurrer to the evidence.

The statement by plaintiff that he was informed that it had been destroyed by fire

was not evidence that it had been so destroyed. It was merely a statement of the excuse given for not making delivery.

In the body of the opinion in Smith v. Maher, 84 Okla. 49, 202 Pac. 324, Justice Kennamer said:

"The rule seems to be supported by the great weight of modern authority that proof of the delivery of chattels by bailor to bailee in good condition and the failure of the bailee to make a redelivery of the property where he has been in the exclusive possession of the same or a return of it in a damaged condition is prima facie evidence of negligence sufficient to cast upon the bailee the burden of accounting for nondelivery or the injury. The rule does not conflict with the rule that burden is upon the plaintiff to establish negligence, but this burden has been met when the bailor establishes the delivery of the property to the bailee and the nondelivery on the part of the bailee at the time a redelivery is due the bailor. The plaintiff in an action of this kind has established his cause of action when he proves the delivery of the property to the bailee and a failure or refusal of redelivery by the bailee. 6 C. J. (Bailments) 160; Stone v. Case, 34 Okla. 5, 124 Pac. 960, 43 L. R. A. (N. S.) 1168; Beck v. Wilkins-Ricks Co., 179 N. C. 231, 102 S. E. 313, 9 A. L. R. 554; Ware Cattle Co. v. Anderson et al., 107 Iowa, 231, 77 N. W. 1026, 3 C. J. 79; Crawford v. Cashman & Son, 82 Mo. App. 554; Nutt v. Davidson, 54 Colo. 586, 131 Pac. 390, 44 L. R. A. (N. S.) 1170."

The defendant's evidence showed that the suit was in the tumbler, where it was being dried, when an explosion from some unknown cause caused a fire in the tumbler which so burned it that it was destroyed for all practical purposes. The only way that defendant's witnesses could account for the explosion was that a match in some garment had escaped the detection of the cleaner, or that it was caused by two garments rubbing together. Evidence also showed that the tumbler was in a steel and concrete room with doors and windows that passed the inspection of the fire marshal, and fire extinguishers were maintained by which they could turn a two-inch line of steam into any machine, and that steam is the best extinguisher for gasoline fires. No evidence was offered as to who was actually in control of the tumbler at the time, or that any one had actually examined all the garments in the tumbler at the time for matches, but defendant relied on the evidence that they had a man for that purpose.

It is contended that the bailee for hire is only required to exercise ordinary care, and that when it was disclosed by the evidence that the bailed property had been destroyed by fire the burden was on the plaintiff to show negligence on the part of the defendant. The court so instructed the jury and no question is raised as to the instruction. It was a question for the jury to decide under the court's instructions, whether or not the defendant has exercised ordinary care, and we think the jury reached a correct conclusion. It was not shown that any other property was destroyed but this particular suit of clothes. "It was badly burned. It was ruined for practical purposes." It was destroyed while in the tumbler, a machine used by cleaners to expedite the process of drying which required expert knowledge to operate. The tumbler being in a steel and concrete room with fire extinguishers, and steam to fight the fire in case of an explosion, which meet with the approval of the fire marshal, no doubt tend to make the building reasonably secure from destruction by fire, but there was no evidence to show that such appliances could prevent the loss of the clothes at the time in the tumbler where the explosion occurred. In fact the contrary was made to appear. The witness, Cheatham, testified that he handled the suit after the fire and —"I usually look all that stuff over," and "usually if it doesn't burn them it singes them and they just wad up". An explosion is sudden and it cannot be presumed that fire fighting appliances could be put in operation in time to prevent the singeing of clothes which were in the tumbler where the explosion occurred. In such case the burden is on the bailee to show that ordinary care was exercised to avoid an explosion.

It is contended that the court erred in giving the following instruction:

"You are instructed that if you find from the evidence that the defendant is a general partner in the RightWay Cleaners, and you find by a preponderance of the evidence that either the defendant or the Right Way Cleaners are liable to the plaintiff in this cause, then and in that event you are instructed that the RightWay Laundry would be liable for the obligations of the partnership."

The defendant filed no answer and its defense was first disclosed by the introduction of its evidence. The evidence of the defendant showed that the defendant, the Right Way Laundry, was a corporation engaged in the laundry business and occupied the front portion of the building; that at the time the suit was delivered the Right Way Cleaners, a partnership composed of two individuals and the Right Way Laundry,

and in which the Right Way Laundry had a one-half interest, conducted a cleaning and pressing business in the rear of the laundry building, that packages for the laundry were received in the front end of the building and for cleaning and pressing at the back door, except in the mornings before anyone had arrived at the cleaning establishment, packages were received by the laundry at the front of the building and delivered to the cleaners when they arrived, and that a book was kept by the laundry for recording the receipt of such packages. The undisputed evidence was that plaintiff delivered this particular suit of clothes to the girl in the cage in the front of the building who was receiving packages for the laundry. At the time of the trial the partnership had ceased to exist and the defendant owned the Right Way Cleaners.

The case of Cox v. Gille Hardware & Iron Co., 8 Okla. 483, 58 Pac. 645, is relied upon. It is there said:

"While each partner is liable in solido for all debts of the firm, one partner cannot be sued alone unless he has by some act rendered himself severally liable; and each partner has a right to require all who are jointly liable with him to be made parties to a suit upon any partnership liability."

This is a correct statement of the law as applied to the facts in that case. That was an action dealing with a contract of a partnership. The action here is for tort and an entirely different rule applies. It was so held by this court in Holden v. Lynn, 30 Okla. 663, 120 Pac. 246, where it was said in the syllabus:

"An action of tort may be brought against one member of a partnership without joining the other."

In the body of the opinion Ames, C., speaking for the court, said:

"It is next urged that the cattle in question belonged to the firm of Halton & Holden, and that Holden could not be sued alone, and in support of this proposition Cox v. Gille Hardware, etc., Co., 8 Okla. 483, 58 Pac. 645, King v. Timmins, 23 Okla. 407, 100 Pac. 536, and section 5008, Comp. Laws 1909, are cited. Both of the cases, however, deal with contracts of partnerships, and hold that, in an action on contract, one member of the firm cannot be sued without joining the others; and in Cox v. Gille Hardware, etc., Co., the statute referred to is construed as merely declaratory of the common law. While the rule contended for by counsel applies in the case of contracts, we do not think it is applicable in case of torts. Story on Partnership (7th Ed.) par. 167; 1 Bates on Partnership, par. 471; 1 Lindley on Part-

nership (2d Am. Ed.) p. 667, star page 283."

Story on Partnership, page 167, supra, lays down the rule as follows:

"Torts Several as Well as Joint. But in all cases of this sort, although the partners are jointly liable as wrongdoers, it by no means follows that they must all be sued On the contrary, as the law treats all torts as several, as well as joint, the party injured may, at his election, either sue all the partners, or any one or more of them for the tort; and it will constitute no objection that his partners were also concerned in it. This is a rule by no means peculiar to partnerships: but it extends to all cases of joint torts and trespasses at the common law, whether positive or constructive."

We think the judgment should be affirmed.

By the Court: It is so ordered.