## EISIMINGER v. DINWIDDIE.

No. 22790.   Jan. 29, 1935.

Ellmore Pinnick, for plaintiff in error.

Morrison & Shipp, for defendant in error.

PER CURIAM. The plaintiff, J. W. Eisiminger, brought this action against the defendant, J. B. Dinwiddie, in the justice court upon a written contract for the rent on a furnished apartment, and for the alleged value of the furniture, which plaintiff says the defendant allowed to be taken by others.

It appears that the plaintiff bought the major portion of the furniture at a constable's execution sale, at which both the plaintiff and the defendant were present. It was mentioned at the sale that the property was involved in some litigation. The constable announced that he was selling the property subject to such valid liens as might exist against it. Immediately thereafter plaintiff rented the apartment and the furniture to the defendant.

Seven days later a third party, the Crawford Finance Company, sent an officer with a truck and took the furniture. The defendant states that he made some effort to notify the plaintiff on that day; that he failed at the time to reach him, but did notify him the first or second day thereafter. The plaintiff states that the defendant did not at first advise him as to who took the furniture, but admits that the defendant did later give him this information. The plaintiff did not seek to follow the furniture or recover it. He states that he did not even inquire of the Crawford Finance Company as to the nature of their claim or their reason for taking the property, and that he sought no relief except by this action against his tenant and bailee, the defendant. Even the items which plaintiff had bought from other sources than the constable's sale, he says he did not seek to follow.

The trial court found that the action of the plaintiff in failing to follow the furniture or seek its recovery and his failure to even inquire as to the nature of the claim of the Crawford Finance Company amounted to a confession that his title was not good or that the furniture was properly taken from him.

The defendant, at the beginning of the trial, tendered the amount of rent earned to the date the furniture was taken. The plaintiff refused the tender. The trial court rendered judgment against the defendant for the amount of the tender, and for the defendant as to the remainder of the action. Costs were assessed against the plaintiff.

1. It has long been established that in an action at law tried to the court the finding of the trial court will be sustained if there is evidence reasonably tending to support it.

McCann v. McCann, 24 Okla. 264, 103 P. 694:

"Where a case is tried by the court without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence."

Many cases follow this rule.

In this case the finding of the trial court that the action of the plaintiff amounted to a confession of his own defective title, or that the goods were properly taken by another, appears to us as being reasonably sustained by the evidence.

2. It is equally well settled by the almost uniform decisions of other jurisdictions that a bailee of personal property may excuse the loss of the goods entrusted to him by showing that he yielded to the demand of the holder of a paramount title and surrendered the property. Hentz v. The Idaho, 93 U. S. 575, 23 L. Ed. 978; Western Transp. Co. v. Barber, 56 N. Y. 544; Davis v. Donohoe-Kelly Banking Co., 152 Cal. 282, 92 P. 639. And see 6 C. J. 1109.

It therefore appearing under a finding of the trial court, supported by evidence, that the defendant did surrender the property to the holder of a paramount title, the judgment of the trial court should be sustained.

Both parties appear to have tried the case chiefly on the issue as to whether the defendant was justified in surrendering the property to an officer, in the absence of proof as to the character of the writ or process, if any, held by the officer. However, the trial court, as stated, determined the cause against the plaintiff on the ground that his actions amounted to a confession that the party taking the property held a paramount title. This being the finding of the court, any issue of law or fact involved in the taking of the property by an officer becomes immaterial. Had the defendant surrendered the property to the Crawford Finance Company without an officer being present, the defendant would, under the

finding of the trial court, have been justified.

For the reasons stated, this cause is affirmed.

The Supreme Court acknowledges the aid of Attorneys Earl Q. Gray, Ezra Dyer, and Wm. G. Davisson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gray and approved by Mr. Dyer and Mr. Davisson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.