GOUGE v. HOGE.

No. 33736.    May 31, 1950.

*218 P. 2d 1036.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

G. M. Fuller, of Oklahoma City, for defendant in error.

GIBSON, J.   The parties to the appeal will be referred to as they appeared in the court below, wherein defendant in error was plaintiff and plaintiff in error was defendant.

At the time of the transaction involved plaintiff was a student at the University of Oklahoma, and he and others of the student body occupied rooms at what is known as the Kappa Alpha House. Defendant, then, operated a cleaning establishment in Oklahoma City and performed the service of cleaning and pressing clothes for the occupants of Kappa Alpha House.

Plaintiff alleged in his bill of particulars that he delivered to the defendant a two piece suit of clothes of

the value of $70 to be cleaned and pressed and that defendant had failed and refused to return it, although demand had been made therefor. Defendant filed no answer and his defense was first disclosed by the introduction of his evidence.

The case was tried to a jury resulting in a verdict for plaintiff in the sum of $70, for which amount the judgment was rendered.

In support of the several assignments of error the following propositions are presented:

"I.

"When defendant in error kept the suit he was estopped from claiming it was the wrong suit in whole or in part.

"II.

"Recovery in a bailment suit is the statutory measure of damages rather than the price paid for property at some distant prior date.

"III.

"The evidence failed to prove a bailment to plaintiff in error, and failed to prove a breach by failure to redeliver."

One Joe Cline, who acted as agent of defendant in transporting the clothing to and from the cleaning plant and collected payment for the service rendered, was authorized to and did arrange with the manager of the Kappa Alpha House for the gathering of the clothes to be cleaned and for their reception when returned. In pursuance thereof one William F. Collins, a brother of the manager, who was provided with bill of lading forms, would solicit, contract for and receive the clothing to be cleaned and collect for the service rendered. The clothing so received from the different occupants would be assembled and placed in bulk in large bags provided by defendant for transportation. After cleaning the several consignments were assembled by defendant on separate hangers and on return to Kappa Alpha House were hung on a rack therein from which each

owner received his shipment. In the usual course plaintiff delivered to Collins the suit in question, a double breasted coat and matching trousers, to be cleaned, and later took from the receiving rack the hanger carrying the coat with a pair of trousers folded thereon within the coat. The trousers were not those which constituted part of the suit and were delivered by plaintiff to the rightful owner, and this fact and the failure to return the trousers to the suit gave rise to the controversy.

The fact that plaintiff's suit of clothes was delivered to Collins is not questioned nor is there any evidence that the suit did not reach the hands of the defendant. The contention that no bailment obtained is placed solely on the charge that there is an absence of proof that Collins was authorized as agent of defendant to receive the same. The fact that the suit was received by the defendant for the purpose for which it was sent is sufficient to sustain the fact of the bailment independently of the authority of Collins to receive same as agent of the defendant. However, we are of the opinion that the evidence is sufficient to establish the fact of such agency.

The contention that no failure to redeliver the suit is proven is grounded on the testimony of defendant that all clothes received were returned and on the fact that several days elapsed after return of the clothes before plaintiff took them from the rack. Defendant did not testify that the trousers matching the coat were returned, nor is there any testimony indicating the clothing on the hanger had been disturbed. No presumption can be indulged that the clothing on the hanger had been tampered with. In such situation the coat and trousers which plaintiff took from the rack constitute the delivery made by defendant and same is insufficient. Right Way Laundry v. Davis, 98 Okla. 264, 225 P. 345.

Defendant's argument on the second proposition is presented on the following subdivisions:

"a. Plaintiff in error was entitled to an instruction on the statutory measure of damages.

"b. The proper measure of damages should have been applied to the missing pants only."

In support of subdivision "a" error is alleged on the refusal of the court to give the following instruction:

"You are instructed that the liabilities of a bailee for negligence shall not exceed the amount which he is informed by the bailor, or has reason to suppose, the thing bailed is worth."

As supporting subdivision "b" error is alleged on the court giving the following instruction:

"In this connection, you are instructed that if you believe and find from a preponderance of the evidence in this case, that the plaintiff herein delivered to the defendant or his agent the suit in question, and that the defendant received the same and failed to return the same, then and in that event your verdict should be for the plaintiff, and you should fix the amount of the plaintiff's recovery at not to exceed the sum of $70.00, the amount sued for herein."

Pertinent to both propositions the plaintiff's evidence reflects the following: The plaintiff purchased the suit and paid therefor the sum of $70; the same had been worn not more than a total of four days; that the coat could not be properly worn with trousers other than those constituting a part thereof; and that the coat without said trousers was worthless to plaintiff. There is no other evidence concerning the value of the suit and no evidence of value of either the coat or trousers separately.

It is urged that under the rule announced in the instruction one could recover for an entire suit where there was a loss of a button when, in truth, a replacement of the button would suffice. The soundness of such argument is dependent upon the fact that a replacement of the missing part is possible. In such situation the law contemplates as whole that which may be made so. It can have no application to a situation where the possibility of replacement is expressly negatived by the evidence.

Under the evidence there was a total loss of the suit. In such situation the measure of damages is thus stated in Stack v. Gudgel, 60 Okla. 32, 158 P. 1144, L.R.A. 1917D, 493:

"In an action to recover against a bailee for hire for loss of household goods where the goods have a market value, the measure of damages for such loss is the cash market value thereof, and where such articles have no market value, the measure of damages is the value of the goods to the owner; not any fanciful value which he might place upon them, but such reasonable value as from the nature and condition of the goods and the purpose to which they were adapted and used, they had to him."

And, more to the point here, in absence of other evidence, the price paid for the suit is prima facie its value. St. Louis & S. F. R. Co. v. Mounts, 44 Okla. 359, 144 P. 1036; Burgess et al. v. Felix, 42 Okla. 193, 140 P. 1180. Herein, the purchase price, $70, as representative of the value of the suit, is uncontradicted by other evidence. Such being the case, the plaintiff, if entitled to recover the value of the suit, was entitled to recover $70, the amount of the verdict.

Considering defendant's requested instruction as proper, and that it was error to refuse the same, such error is not reversible error under the circumstances.

It is questionable whether defendant is entitled to a consideration of the first proposition since the record fails to disclose that same was relied on and presented to the trial court. We have no doubt but that if estoppel had been urged the trial court with the consent of plaintiff would have ordered a surrender of the coat to the defendant. However, the contention is without merit in fact. The basis for the estoppel urged is that the plaintiff obtained bene-

152

fit through the delivery made, which benefit he has retained. Plaintiff received no benefit from the trousers retained and delivered by him to another who was the owner, and the defendant suffered no detriment thereby because the one to whom the trousers were delivered had title thereto that was paramount to the right of defendant. Eisiminger v. Dinwiddie, 170 Okla. 396, 40 P. 2d 1029. No benefit to plaintiff or detriment to defendant can be predicated on the failure to return the coat because under the evidence it was of no value to either party.

Judgment affirmed.

DAVISON, C. J., and WELCH, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.