**NUWAY LAUNDRY COMPANY, an Oklahoma Corporation, Plaintiff in Error,**

v.

**Leona GORE, Defendant in Error.**

No. 37550.

Supreme Court of Oklahoma.

Oct. 1, 1957.

Rehearing Denied Nov. 13, 1957.

McKinney & McKinney, Oklahoma City, for plaintiff in error.

Lester Lloyd, Jr., Oklahoma City, for defendant in error.

HALLEY, Justice.

Parties to this appeal will be referred to as they appeared in the trial court, wherein defendant in error was plaintiff and plaintiff in error was defendant. The case was tried to the court without a jury.

Plaintiff took three lady's suits and one man's sweater to the defendant to be dry cleaned. Plaintiff's evidence showed that the jacket of each suit was shrunk to the extent that the owner could not wear the jackets and that the suits were made unusable thereby. The sweater belonged to plaintiff's husband and was so badly shrunk that he could not wear it. Testimony was offered as to the purchase price of the aritcles and how much they had been worn.

The defendant's evidence showed that it did not shrink these articles of clothing and that they were returned to plaintiff at the size she brought them to defendant.

The trial court entered judgment for the plaintiff for $125.00, fifty dollars each for two suits, one of which cost $71.50 and the second $75.00, and $25.00 for the third suit which cost $50.00. Plaintiff's claim for the sweater was disallowed.

This being a case of legal cognizance and it being clearly established defendant was a bailee for hire if there is any evidence reasonably tending to sustain the trial court, its judgment must be affirmed. The three suits involved in this action were for all practical purposes of no value to the plaintiff after the cleaning so the judgment for the plaintiff will be approved if the proof of the extent of the loss is established.

Plaintiff testified what she paid for the suits and the time of the purchase and the extent to which these suits had been worn. No evidence was offered to contradict this as to value. It has long been the rule in this jurisdiction that in absence of other evidence the price paid for a suit is prima facie evidence of its value. Gouge v. Hoge, 203 Okl. 149, 218 P.2d 1036; Burgess v. Felix, 42 Okl. 193, 140 P. 1180.

■ The trial court in the exercise of its judgment reduced the amount allowed on each suit substantially. We find no error in the decision reached by the court below and it is affirmed.