## Michael McGlynn *v.* Avery Billings.

Where a certain sum is offered by a debtor to his creditor as the balance due to him on book, which the creditor declines receiving, claiming that there

is more due to him, and the debtor deposites that sum in the hands of a third person, directing him, in the presence of the creditor, to deliver it to the creditor, if he will receive it as the balance due, and the creditor subsequently receives it from such third person, this operates as a discharge of the creditor's whole account, notwithstanding he may declare, at the time he receives it, that he does not accept it in full for the balance due him.

BOOK ACCOUNT. The auditor reported, that, prior to the commencement of the plaintiff's action, the parties met for the purpose of making a settlement,—one Hanley being present to assist the plaintiff. That, after a mutual examination of their accounts, the defendant claimed that the balance due to the plaintiff was eighty two dollars, and drew an order for that sum on Francis Slason, and offered it to the plaintiff, as the balance due to him. That the plaintiff declined receiving it, claiming that a larger sum was due to him. That finally the defendant delivered the order to Hanley in the presence of the plaintiff, directing Hanley to deliver it to the plaintiff, if the plaintiff would receive it as the balance due to him. That the order was subsequently delivered by Hanley to the plaintiff, and was accepted by said Slason. That the plaintiff declared, when he received the order, that it was not in full for the balance due to him. From these facts the auditor considered that the receiving the order by the plaintiff, after he had heard the direction given by the defendant to Hanley, did amount to a settlement of their accounts.

At the suggestion of the auditor, and by the consent of the parties, the auditor proceeded to examine the accounts, and reported, that, calling the order of eighty two dollars a payment to the plaintiff, he found a balance due to the defendant of two dollars and ninety four cents. The county court accepted the report of the auditor, and rendered judgment for the defendant for his costs, to which the plaintiff excepted. On the hearing in the supreme court it was, for the first time, discovered that the auditor had made a mistake in adding up the defendant's account, and that there was in fact an undisputed balance due to the plaintiff of seven dollars and six cents, besides said sum of eighty two dollars.

*Pond* for plaintiff.

From the schedules of the accounts, reported by the auditors, it

appears that there is due to the plaintiff an undisputed balance of $7,06. The taking of the order, then, by the plaintiff, could not extinguish more of his account than the amount of the order. *Seeley et al. v. Spencer,* 3 Vt. 334. *Wright* v. *Allen,* 4 Vt. 572. And, though it should be considered as amounting to a settlement, yet it could not prevent either party from having the accounts adjusted as they in reality stood between them. *Darling* v. *Hall,* 5 Vt. 91. *Whiting* v. *Corwin,* 5 Vt. 451.

The whole course of practice of the courts of this state has been to proceed in the adjustment of accounts according to what seemed just between the parties, without being trammelled by supposed, or even real, settlements. *Austin* v. *Berry,* 3 Vt. 58. *Wood* v. *Johnson,* 13 Vt. 194. Will the court, then, in this case, confine the party to that, which he at the time disclaimed as being a settlement, and that, too, when it appears that there is a just balance due to him?

*Foot & Everts* for defendant.

The acceptance of the order for $82 by the plaintiff, as stated in the auditor's report, did amount to a settlement of the accounts between the parties.

It was the right of the defendant to direct in what manner, and for what purpose, the order should be received by the plaintiff;— and the plaintiff, knowing as he did the directions of the defendant, could not apply it, or receive it, otherwise. 12 Vt. 249. 8 Wend. 405. 2 Hall 197. 9 Cow. 420, 747. 2 Caine 99. 2 E. C. L. 334. 2 Vt. 283, 287. 1 E. C. L. 494.

Hanley was, at the time he received the order, and also at the time he delivered it to the plaintiff, the agent of the defendant for that *special purpose.* The plaintiff knew the extent of his agency, and is therefore bound by the directions given to him. 3 T. R. 757. 6 Vt. 334. 2 Kent. 620—1. 3 Conn. 172.

The opinion of the court was delivered by.

WILLIAMS, Ch. J. The court consider that the acceptance by the plaintiff of the order on Slason, after the declarations made by the defendant in his presence, was a discharge in full of his account; and the decision of the auditor to this effect was right. The proposition, on the part of the defendant, to give this sum does not

---
Clarendon *v.* Weston.
---

appear to have been founded on the balance as ascertained, but was an offer of a certain sum as a settlement. Having this view of the case, it is not necessary to say any thing in relation to the account. The examination of the account by the auditor appears to have been unnecessary.

It is very possible, and highly probable, that a different result might have been had, if the mistake in adding the account of the defendant, which is now for the first time discovered, had been known on the trial before the auditor. For, if it had appeared that the offer was made and accepted on the mistaken supposition of both that the defendant's account was $145,20, when in fact it was only $135,20, the acceptance might not have been obligatory on the plaintiff. As a court, sitting to examine the proceedings of the county court in matters of law only, we cannot have any reference whatever to the account, whether correctly added or not.

The judgment of the county court is affirmed.