## JOHN R. MILLER *v.* TIMOTHY HOLDEN.

The plaintiff having commenced an action on book account against the defendant, the defendant tendered to the plaintiff seven dollars, and said that he tendered it for what he owed the plaintiff; the plaintiff offered to receive it in part, but the defendant replied, that he should not have it so; the witness to the tender then suggested, that, if the damages and cost should prove, on trial, to be more than seven dollars, it would make no difference; and thereupon the plaintiff received the money; and, the auditor having found that there was more than seven dollars then due to the plaintiff, it was held, that the acceptance of the money by the plaintiff was not to be considered an accord and satisfaction, and was no bar to his recovering the amount actually due to him.

BOOK ACCOUNT. The case went to an auditor, who reported, that he found due to the plaintiff, at the commencement of the action, five dollars and seventy seven cents; that the action was commenced on the seventh day of March, 1844, and the writ was made returnable before a justice of the peace on the sixteenth day of the same month; that on the fourteenth day of March witnesses had been summoned and cost had accrued to the amount of two dollars and eighty cents; that on the fifteenth day of March the defendant tendered to the plaintiff seven dollars, and said he tendered it for what he owed the plaintiff; that the plaintiff offered to receive it in
43

part payment, but the defendant said he should not have it so; that the witness to the tender then suggested, that it would make no difference, if the damages and cost should prove, on trial, to be more than seven dollars; and that the plaintiff thereupon received the money so tendered. And the auditor reported, that there was due to the plaintiff, at the time the tender was made, the sum of one dollar and fifty seven cents, in addition to the sum of seven dollars so tendered and received.

The county court,—WILLIAMS, Ch. J., presiding,—rendered judgment for the plaintiff upon the report. Exceptions by defendant.

*Walker & Kellogg* for defendant.

A tender is not good, if attended with any qualification, or condition, raising the implication, that the debtor intended to cut off, or bar, a claim for any amount beyond the sum tendered. Chit. on Cont. 799, 800, and cases there cited. Saund. Pl. & Ev. 839. *Wood* v. *Hitchcock*, 20 Wend. 47. N. Y. Dig. 1109, § 4. *Sutton* v. *Hawkins*, 8 C. & P. 259. *Strong* v. *Harvey*, 3 Bing. 304. *Eckstein* v. *Reynolds*, 7 Ad. & E. 80. *Evans* v. *Judkins*, 4 Camp. 156. *Hastings* v. *Thorley*, 8 C. & P. 573. *Peacock* v. *Dickerson*, 2 C. & P. 51. *Mitchell* v. *King*, 6 C. & P. 237; 25 E. C. L. 375. The reason given in all these cases, for pronouncing the tender bad, is, that the plaintiff's right to recover a larger sum, than the one tendered, must be left unimpaired by the acceptance of the tender. It follows necessarily, that a tender made with such a condition, *if accepted, does* impair the plaintiff's right to recover a larger sum, and that the party receiving the money is bound by the condition. This view is fully sustained by the decision of this court in *Mc-Glynn* v. *Billings*, 16 Vt. 329.

The suggestion made by the witness was voluntary, made without collusion with the defendant, and was the opinion of the witness upon a question of law. The plaintiff confided in this opinion and accepted the tender; he did this at his peril; it was a mistake of law, and not of fact, and he is bound by it. Chit. on Cont. 628.

*J. Kimball* for plaintiff.

1. If the tender, in this case, is to be regarded as a tender after the suit was commenced, it was insufficient, because the debt and costs of the suit were not tendered.

2. The tender was not legal, because accompanied with a condition. *Spybey* v. *Hide*, 1 Camp. 181. *Evans* v. *Judkins*, 4 Ib. 156. *Thayer* v. *Brackett*, 12 Mass. 450. *Loring* v. *Cooke*, 3 Pick. 51. *Brown* v. *Gilmore*, 8 Greenl. 110. *Robinson* v. *Batchelder*, 4 N. H. 40. *Eastland* v. *Langshorne*, 1 Nott & McCord 194. *Strong* v. *Harvey*, 3 Bing. 304. *Cheminant* v. *Thornton*, 2 C. & P. 50. *Peacock* v. *Dickerson et al.*, 2 C. & P. 51. *Mitchel et al.* v. *King*, 6 C. & P. 237. Chit. on Cont. 621 (n. 2.)

3. The fact, that the plaintiff received the money after the suggestion of the witness was made, did not affect the suit otherwise, than as the payment of that sum operated to reduce the amount to be recovered by the plaintiff.

The opinion of the court was delivered by

BENNETT, J. The question raised in this case lies within a narrow compass. It appears, that the plaintiff commenced his action on book account before a justice of the peace, returnable on the sixteenth day March, 1844, and that on the fifteenth day of March the defendant tendered to the plaintiff seven dollars, saying he tendered it for what he owed the plaintiff. The plaintiff offered to take it in part payment, but the defendant said he should not have it so. It being suggested by the witness to the tender, that it would make no difference, if the plaintiff's claim, for damages and costs, on trial, should prove to be more than seven dollars, the plaintiff then received the sum so tendered. It appears, that the auditor found that there was due to the plaintiff, at the time the tender was made, the sum of eight dollars and fifty seven cents for his debt and costs, which had then accrued; and the auditor reported, that he found due to the plaintiff one dollar and fifty seven cents. It is now claimed, that, from these facts, the reception of the seven dollars should bar the plaintiff's entire right of action.

The question before us is not, whether the tender would have been valid, in case the plaintiff had declined to receive it. It is settled, by many authorities, that, if a tender is clogged with any conditions, so that the taking of the money tendered would constitute an admission, by the party, that it was in full of his claim, he may for this cause reject the tender, as being invalid. As where the sum tendered " is to be taken in full of all demands,"—or, " as all that

Miller *v.* Holden.

was due," and the like.   See *Strong* v. *Harvey*, 11 E. C. L. 117;
*Sutton* v. *Hawkins*, 34 E. C. L. 381 ; *Jennings* v. *Major*, 34 E. C.
L. 294; *Hastings* v. *Thorley*, 8 C. & P. 573.   Upon this point, it
would seem, there is no conflict of authority.   The reason is, that
the party making the tender has not a right to insist upon the claim-
ant's being concluded from claiming more than what was tendered,
by force of any implied admission, growing out of the reception of
the money, that the sum tendered was the amount due to him, and
that he received it in satisfaction of his claim.   If the money is ten-
dered " for all that was due," or " for what the defendant owed the
plaintiff," and it is taken, it must always be a question of fact,
whether it was, by way of compromise, received in full satisfaction,
though the plaintiff, on trial, should establish his claim for a greater
sum.

The auditor, in this case, does not find, that the seven dollars was
received in *full satisfaction*, but quite the reverse.   The defendant
offered it " for what was due ; " yet the plaintiff proposed to take *it
in part payment;* and though the defendant at first refused to let
him have it so, yet it is stated in the report, that, upon its being
suggested by the witness, that, if the damages and costs should prove
to be more, it would make no difference, the plaintiff thereupon took
the money so tendered.   There can be no pretence, from such a
state of facts, that the minds of the parties met in an *agreement*,
that the seven dollars should be received in full.   Besides, this
would be matter of fact for the auditor to settle, and not for this
court to determine.   In *Jennings* v. *Major*, 34 E. C. L. 294, it is
said by the judge, that the plaintiff might have taken the sum ten-
dered, but should have said, " I still claim more," and that the other
party should then have added, " You may take it, and get more if
you can."   I think there is good sense in this remark.   In such
case there could be no implied admission against either of the par-
ties.   In the case now before us the effect of the facts reported is
the same.

The case of *McGlynn* v. *Billings*, 16 Vt. 329, is distinguishable
from the case at bar.   It appears, in that case, that, the parties hav-
ing examined their mutual accounts, the defendant claimed, that the
true balance due to the plaintiff was eighty two dollars, and drew an
order on one F. S. for that sum and offered it to the plaintiff, as the

Miller *v.* Holden.

balance due to him, and that the plaintiff declined to receive it, claiming that more was due to him.    The defendant then delivered the order to one H., who was present aiding the plaintiff in the settlement, and, in the presence of the plaintiff, told him to let the plaintiff have the order, if he would receive it *as the balance due to him.*    The order was subsequently received by the plaintiff and accepted by the drawee, though the plaintiff declared, when he received the order, that it was not in full for the balance due to him. The auditor found a settlement of the accounts of the parties; and the court say, that they consider, that the acceptance by the plaintiff of the order on F. S., after the declarations made by the defendant in his presence, was a discharge in full of his account.    In that case there was no tender, but the whole case turned upon an *accord and satisfaction.*    The case was the same, as if a horse, instead of the order, had been left with H. for the plaintiff, if he would receive it in full of the balance of his account.    The proposition to give the order *as the balance* was an offer for a settlement; and the order having been left with a third person to deliver to the plaintiff, upon the condition, that the plaintiff would receive it in full of his account, and this with the knowledge of the plaintiff, if the plaintiff chose to receive the order, he must be bound by the condition, and should not be allowed to hold the one and repudiate the other.

It was clearly right, in that case, to give to the transaction the effect of an accord and satisfaction.    In the case now before us there was no accord, and no entire satisfaction of the plaintiff's claim.    The result is, the judgment of the county court is affirmed.