## CECIL J. BURRILL vs. SAMUEL A. PARSONS.

### Somerset. Opinion March 16, 1882.

*Promissory notes. Tender. Estoppel.*

Where the defense to an action on a promissory note was, that it was given for agricultural implements which the payees of the note promised to send the maker within a certain time, but which were not sent nor ever intended to be sent, and that the note was obtained without consideration and by fraud; and it was shown that a small portion of the articles were sent to the defendant and taken by him before the commencement of the suit; *Held*, that the verdict, which was for the defendant, should have been against him for some amount.

In such a case the defendant cannot be permitted to say that he took the articles sent as a trespasser.

When a tender is made for the purpose of fulfilling a contract in part, the party to whom the tender is made cannot without consent take and hold the article tendered for any other purpose, and he would be estopped from denying the true character of the transaction.

ON MOTION to set aside the verdict.

Assumpsit on the following note :

"Dead River, Maine, Oct. 1, 1874.

One year after date, I promise to pay to the order of C. B. Mahan, agent, four hundred thirty-three 75-100 dollars, at First National Bank, Skowhegan, Maine.

Samuel A. Parsons."

(Indorsed) " C. B. Mahan, Agent Granite Agricultural Works, Lebanon, N. H."

Verdict was for the defendant.

*Baker and Baker*, for the plaintiff.

*D. D. Stewart*, for the defendant.

PETERS, J. The note in suit was given for agricultural implements which the payees of the note promised to send to the defendant within a certain time. The defense was that the articles were not delivered, that the payees intended never to deliver them, and that the note was obtained by them without consideration and by fraud.

It is undeniable, however, that a small portion of the articles were forwarded by the payees, and actually taken by the defendant prior to the commencement of this suit. The verdict, therefore, which was for the defendant, should have been against him for some amount.

It is contended, that the verdict may stand, upon the ground that the defendant did not accept the articles under the contract, but took them as a trespasser. He cannot stand upon this position. He would be coming into court with a confessed fraud upon his hands of a greater magnitude than the fraud alleged against those who obtained his note. It is very clear that the articles were not in fact so taken, nor could they have been. When they were tendered, as they virtually were, for the purpose of fulfilling the contract in part, the defendant could not, without consent, take and hold them for any other purpose. The law does not allow him to accept the goods and repudiate the effect of an acceptance. If a tender be made for any particular purpose or with any condition, and the tender be taken, the purpose or condition is acknowledged and agreed to by the person taking the tender. The purpose for which, or the condition under which, a tender is made is an inseparable part of the tender itself. If I tender to you my money or goods in payment of my note to you, you cannot take the money, and then say you will account for the money only as a trespasser. You would be estopped from denying the true character of the transaction. The case of *McGlynn* v. *Billings*, 16 Vt. 329, well illustrates the rights of parties in a transaction like this. See 18 Vt. 339.

It is also contended, that the verdict should not be disturbed, because the value of the articles received may not exceed the damages which the defendant sustained by not receiving, at the contract price, all the implements which were to be delivered. But there is no evidence whatever upon which to found this position. *Non constat*, that the defendant was not really benefitted thereby.

*Motion sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.