## GEORGE STORCH v. ALBERT B. DEWEY.
### No. 8906.

ACCORD AND SATISFACTION —*conclusive as to disputed legal question when note began drawing interest.* Where there is a *bona fide* dispute between the maker and the payee of promissory notes as to the date from which interest is payable under the terms of the notes, which are ambiguous, and the maker pays the amount he admits to be due, on the express condition that the notes and mortgages securing the same shall be canceled and surrendered, and the payee accordingly receives the money, and cancels and surrenders the securities, the transaction amounts to a valid accord and satisfaction of the debt, and the payee cannot thereafter maintain an action to recover the balance of interest claimed by him to be due.

*Error from Riley District Court.*

*Hon. R. B. Spilman, Judge.*

AFFIRMED.                    OPINION FILED NOVEMBER 7, 1896.

THIS action was brought by George Storch against A. B. Dewey to recover a balance claimed by him to be due on two promissory notes executed by the defendant. One of the notes reads as follows : —

" $9,213.30. ATCHISON, KAN., September 24, 1887.

" One year after date, for value received, I promise to pay to George Storch or order nine thousand two hundred and thirteen and 30-100 dollars at the United

States National Bank with interest from maturity at the rate of ten per cent. per annum. It is expressly understood that this note is to be paid only when patents for all the lands described in said mortgage appear on record in the county where situated.

ALBERT B. DEWEY."

The other note was for $3,500, and in all other respects in precisely the same form as the larger note.

It is alleged in the petition that, on the 22d day of January, 1891, the defendant paid on said first note $9,278.83, and that on the 24th of February, 1891, he paid $3,500 on the second note ; that the defendant refused to pay anything unless the plaintiff would give up said notes and all security for their payment, which the plaintiff was compelled to do, and that the notes were, at the time of filing the petition, in the hands of the defendant. The defendant's answer is very long. It admits the execution of the notes set out in the plaintiff's petition, and alleges, among other things, that mortgages were executed at the same time on lands in Riley County to secure the larger note, and on lands in Geary County to secure the smaller one ; that these lands were purchased by the defendant from the plaintiff and the notes executed in part consideration therefor ; that at the time the payment mentioned in the petition was made the plaintiff claimed that there was interest due on the notes, which the defendant denied, that the sums paid, which included $66.53 of interest, were the sums finally settled and agreed upon by the parties as the amounts due on the notes, and that they were paid and received in full satisfaction of them. It appeared on the trial that the patent for the land in Riley County was filed for record on December 26, 1890, and for the land in Geary County, February 18, 1891. The case was tried to a jury, and a general verdict

was rendered in favor of the defendant. In answer to special questions the jury found that on January 22, 1891, the time the payment was made on the larger note, there was $11,357.64 due on the note, and that at the time the payment was made on the smaller note $4,345.63 was due on it. They also found that there was a *bona fide* dispute between the plaintiff and the defendant concerning the amount due; that there was a full settlement and accord between the parties, and that the sums paid were paid and received in full satisfaction of the amounts due on the notes. They also found that the amount paid was the amount admitted by the defendant to be due. The plaintiff moved for a judgment in his favor on the special findings, and also for a new trial. Both of these motions were overruled, and judgment entered in favor of the defendant. The plaintiff brings the case here.

*Tufts & Crowell*, for plaintiff in error.

*John E. Hessin*, for defendant in error.

ALLEN, J. Numerous errors are assigned on the record, but the view we take of the case renders it unnecessary to discuss them in detail. Counsel for the plaintiff in error strenuously insist that there could not be a *bona fide* contest as to the amount due on the notes. That there was a dispute between himself and the maker of the notes concerning the date from which interest should be computed, at the time the first payment was made, is conceded; but his contention is that the claim made by the defendant was not urged in good faith, and was utterly without foundation. There is no dispute as to the fact that the patent for the lands in Riley County was not filed until December 26, 1890. By their

terms the notes are promises to pay in one year, with interest from maturity at the rate of 10 per cent., followed by the restriction that the notes are to be paid only when patents for the lands described in the mortgage appear on record in the county where situated.  It does not seem to be seriously contended that the defendant was bound to pay the notes until the patents were recorded; but it is insisted that interest commenced to run at the expiration of a year from the date of the notes.  There was ample room for an honest disagreement as to the proper construction of the notes.  Indeed, we are not prepared to say that the plaintiff's construction of the instrument itself is the correct one.  But whether it is or not we do not decide, for it is sufficient to defeat his claim that there was in fact a *bona fide* dispute between the parties; that an agreement was finally reached as to the amount to be paid in full satisfaction of the plaintiff's claim, and payment made accordingly.  That this was the case appears to us clearly from the plaintiff's own evidence, and from the written receipts endorsed on both notes and mortgages.  It is alleged in the petition that the payments were made, and that the securities were delivered to the defendant.  It is true that, under the authorities cited on behalf of the plaintiff in error, a receipt purporting to be in full of the plaintiff's demand may be contradicted by oral testimony showing either that the payment was not in fact made or that the amount was inadequate to discharge the debt; but this is not such a case. There is no dispute with reference to the amount actually paid.  Nor was there any misunderstanding by either party as to the terms of the notes.  The only dispute was as to the legal construction of the

notes and the extent of the defendant's liability. The rule that the payment of a less sum than that actually due is not a valid accord and satisfaction, only applies when the claim settled is liquidated and undisputed; and where the debtor offers to pay the principal of a note, and in good faith denies his liability to pay interest, if the creditor accepts the offer and surrenders the note it is an accord and satisfaction, and he cannot thereafter maintain an action to recover the interest. *Tuttle v. Tuttle*, 12 Metc. 551; *McGlynn v. Billings*, 16 Vt. 329; *McDaniels v. Lapham*, 21 id. 222; *Palmerton v. Huxford*, 4 Denio, 166; 1 Am. & Eng. Encyc. Law (2d ed.), 415. It being clear that the plaintiff cannot recover under the conceded facts of the case, the technical questions arising on the pleadings and the introduction of testimony are without substance, even though it should appear that in some particulars the rulings of the Court were erroneous.

The judgment is affirmed.

All the Justices concurring.