JARRETT v. TRUNK COMPANY.

(Filed October 30, 1906).

*Verdicts, When Set Aside—Duty of Judge—Discretion—*
*Case on Appeal.*

1. Where the defendant appealed from the refusal of the trial Judge to render judgment on the verdict and from his order setting aside the verdict on the ground that it is not stated in the record whether or not it was made in the exercise of his discretion, and where the only entries on the record were: "It is ordered by the Court that the verdict be set aside," and "The defendant appealed from. the order setting aside the verdict," but the case on appeal settled by the Judge upon disagreement of counsel states that the defendant moved for judgment on the verdict, which was denied, and that the Judge set aside the verdict in the exercise of his discretion (stating the grounds) : *Held*, there was no error.

2. The rule adopted in *Abernethy v. Yount*, 138 N. C., 337, that the Judge, when he sets aside a verdict, should state whether or not it is done in the exercise of his discretion, is reaffirmed.

3. While the necessity for exercising the discretion to set aside a verdict, in any given case, is not to be determined by the mere inclination of the Judge, but by a sound and enlightened judgment, in an effort to do even and exact justice, this Court will not supervise it, except, perhaps, in extreme circumstances not at all likely to arise, and it is therefore practically unlimited.

ACTION by Causey Jarrett by his next friend against High Point Trunk and Bag Company, heard by *Judge G. S. Ferguson* and a jury, at the June Term, 1906, of the Superior Court of GUILFORD.

The action was brought to recover damages for injuries alleged to have been caused by the negligence of the defendant while the plaintiff was working in its factory at High Point, as its employee. The issues, with the answers of the jury thereto, are as follows: "1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Ans.: Yes. 2. Did the plaintiff by his own negligence con-

tribute to the injury complained of, as alleged in the answer?
Ans.: Yes.  3. What damage, if any, is the plaintiff entitled
to recover?  Ans.: $3,000."

The following entry was made upon the record of the
Court below: "It is ordered by the Court that the verdict be
set aside."  Then follows this entry: "The defendant by its
attorney appealed this day from the order setting aside the
verdict.  18 June, 1906."  No other entry was made on the
record.

The defendant tendered a case on appeal and the plaintiff's
counsel a counter-case.  The Judge, upon disagreement of
counsel, settled the case on appeal, and from it is made the
following extract: "Upon the return of the verdict, the Court
of its own motion set aside the verdict in the exercise of its
discretion.  This discretion was exercised upon the following
grounds: 1. The findings on the issues were conflicting, and
in the opinion of the Court the jury either ignored or did not
understand the charge of the Court, which was, 'if they
answer the second issue No, they would consider the question
of damages, and answer the third issue; but if they answered
the second issue Yes, they need not answer the third issue.'
The jury having answered the second issue 'Yes,' and the
third issue '$3,000,' the Court could not understand the find-
ing of the jury.  2. The Court thought the finding on the sec-
ond issue was against the weight of the evidence, and the dam-
ages assessed were not adequate to the injury received by the
plaintiff.  The defendant insisted that it was entitled to
judgment on the verdict, and so moved.  The motion was
made after the Court had directed the verdict to be set aside,
but before the verdict and order were recorded.  The Court
being of the opinion that the verdict should be set aside,
declined the defendant's motion: not because it was not in
apt time, but because the Court felt it to be its duty, in the
exercise of a sound discretion, to set aside the verdict.  De-
fendant excepted."

The defendant assigned the following errors: 1. The refusal of the Court to render judgment in its favor. 2. The order of the Court setting aside the verdict. For the purpose of correcting the errors so assigned, this appeal was taken.

*W. P. Bynum, Jr., E. J. Justice* and *G. S. Ferguson* for the plaintiff.

*J. T. Morehead* and *King & Kimball* for the defendant.

WALKER, J., after stating the case: The defendant's counsel contended that the order of the Judge setting aside the verdict was improper because there was no apparent error in law committed at the trial, and it is not stated in the record whether or not it was made in the exercise of his judicial discretion, and for this position they rely on the recent decision of this Court in *Abernethy v. Yount,* 138 N. C., 337. It is held in that case that the Judge, when he sets aside a verdict, should state whether or not it is done in the exercise of his discretion; and, after mature reflection, we reaffirm that principle, which still commends itself to our judgment as the only safe and fair procedure in such cases. It is so easy to do, and so manifestly in the interest of common justice to the party against whom the ruling is made, and, too, it will meet with such favor and cheerful acquiescence on the part of the Judges who preside at trials, as we are persuaded to believe, that we can now perceive of no good reason why the rule should be disturbed. The reasons for its adoption have been so well stated by *Mr. Justice Connor* in the case cited, which now appear to us as conclusive, that we will not undertake any elaboration of them in further vindication of what we there decided. One sufficient ground upon which the rule can well rest is that the defeated party is entitled to know whether he lost by reason of some error in law committed during the trial or merely by the exercise of the Judge's discretion, to the end that, in the former case, he may proceed

to test the validity of the ruling as it involves a matter of law or legal inference and, in the latter, that he may submit to the ruling and avoid any further useless contest, as it is not a reviewable matter.

The discretion of the Judge to set aside a verdict is not an arbitrary one, to be exercised capriciously or according to his absolute will, but reasonably and with the object solely of preventing what may seem to him an inequitable result. The power is an inherent one, and is regarded as essential to the proper administration of the law. It is not limited to cases where the verdict is found to be against the weight of the evidence, but extends to many others. *Bird v. Bradburn,* 131 N. C., 488. Judicial discretion, said Coke, is never exercised to give effect to the mere will of the Judge, but to the will of the law. The Judge's proper function, when using it, is to discern according to law what is just in the premises. *"Discernere per legem quid sit justum." Osborn v. Bank,* 9 Wheat., 738. When applied to a court of justice, said *Lord Mansfield,* discretion means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague and fanciful, but legal and regular. 4 Burrows, 2539. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the Judge, but by a sound and enlightened judgment, in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited.

In this case the defendant can derive no benefit from the decision in *Abernethy v. Yount,* as the question raised by its exception is not presented on the record alone, but a case on appeal has been settled by the Judge upon disagreement of counsel, and it appears therefrom that the Judge exercised his discretion in a perfectly proper manner. The findings of

the jury, it is true, may not be conflicting, and, in legal effect, they may amount to a verdict for the defendant, as contended by the defendant's counsel; but his Honor thought they sufficiently indicated that the jury must have misunderstood the charge, or the case, and for that reason, or in some other way, there had been a miscarriage of justice. Besides, he found that the verdict as to the second issue was against the weight of the evidence and that the damages were insufficient. This was nothing but the exercise of the legitimate power of the Court to set aside a verdict. The discretion confided to the Judge, when thus used, is, of course, not reviewable. But if it could be revised, we can discover nothing reversible in the ruling upon the facts, as stated in the record and in the case, treating the latter as supplementing the record entries. The case contains a full statement of the reasons which induced the action of the Court, and we find them amply sufficient to justify the order. Unless we looked into the case on appeal, it would not appear that the defendant ever moved for judgment upon the verdict as rendered, for the record does not show it.

One of the most delicate and responsible duties of all those the Judge must perform is the use of his discretion in passing upon the rights of litigants, when he has no fixed and certain rule for his guidance, but is left, as *Judge Gaston* once expressed it, "to his own notions of fitness and expediency"; and while, perhaps, discretion should always be exercised sparingly, and surely not unnecessarily, yet the duty of using it is one the law requires of him, and which he should perform with firmness and without hesitation, in all cases where he deems it necessary to execute justice and maintain the right.

No Error.