UNIVERSAL METAL COMPANY v. DURHAM AND CHARLOTTE
RAILROAD COMPANY.

(Filed 23 October, 1907).

1. Power of Court—Verdict, Set Aside—Record—Reason Sufficient.
    When the court below sets aside the verdict of the jury for an
insufficient reason, it is immaterial upon appeal when the record
discloses another and valid reason therefor.

2. Evidence—Principal and Agent—Misrepresentations—Question
for Jury—Fraud—Opinion Expressed.
    Upon evidence that plaintiff's agent induced the agent of de-
fendant by false and fraudulent misrepresentations to buy certain
metal or steel, called "metalose," as being preferable to metal or
steel used by defendant in a limited way; that defendant's agent
was one of limited authority, and ignorantly purchased a greater
quantity than defendant's business and his authority as such
agent would justify, of which plaintiff's agent had notice: *Held*
(1), it was error in the court below to direct a verdict against the
defendant upon an appropriate issue of fraud; (2) such direction
was an expression of opinion by the court, prohibited by Revisal,
sec. 535.

3. Principal and Agent—Limited Authority—Question for Jury—In-
structions Construed.
    Defendant's prayer for special instructions as to the authority
of its agent should have definitely required the jury to find what
was the extent of the agent's authority—that is, whether limited
or unlimited; and if the former, whether under the circumstances
of this case the plaintiff was notified thereof; but if by a reason-
able construction it embraces these features, it will be regarded
as sufficient.

4. Instructions—Charge in Writing, Request for—Apt Time.
    The request of the Judge below to put his charge to the jury in
writing is in time when made at the close of the evidence and
before the beginning of the argument to the jury.

5. Same—New Trial—Costs of Appeal.
    Where a new trial is granted in the Supreme Court, the award-
ing of the costs is discretionary.

CIVIL ACTION, tried before *Peebles; J.,* and a jury, at May
Term, 1907, of the Superior Court of MOORE County.

This action was brought by the plaintiff to recover of the defendant $898.95 upon an alleged contract, by which the plaintiff agreed to sell to the defendant a certain quantity of steel in bars at the aforesaid price. The defendant denied the contract, and especially alleged that it did agree to purchase from the plaintiff, a firm of Mulhouse, France, to be shipped and delivered to it at Gulf, in this State, a certain quantity of metal or steel, which was at the time falsely and fraudulently represented to the defendant to be "metalose," a new discovery, which was much lighter than and more preferable to the steel in ordinary commercial use; that the said false representation was made to induce the defendant to buy a much larger quantity than, as the plaintiff well knew, the defendant intended or desired to buy; that when the "metalose" arrived it was discovered not to be as represented by the plaintiff, and the defendant refused to receive the same.

The Court submitted issues to the jury, which, with the answers thereto, are as follows: "(1) Did the defendant contract with the plaintiff as alleged in the complaint? Answer, Yes. (2) Was the defendant induced by fraud and misrepresentation to enter into the alleged contract with the plaintiff? Answer, No. (3) Is the defendant indebted to the plaintiff on account of the alleged contract? If so, in what amount? Answer, $898.95. (4) Were Paul Bloch and Octave Bloch, at the time mentioned in the complaint, trading and doing business under the firm name of Universal Metal Company? Answer, Yes."

There was evidence tending to show that Frank D. Jones, superintendent of the defendant company, who represented it in the negotiations, told Alfred Jacob, the agent of the plaintiff, at the time the alleged contract was made, and with whom, as such agent, it was made, that he had received orders not to buy more than $100 worth of supplies at any one time without the approval of the president of the company, and

that such order had in fact been given.   Jacob replied to
Jones that the order would not exceed in amount $100.
There was further evidence that the shops of the defendant
company were not large, and only a small quantity of steel
was needed, and Jacob was, at the time the alleged contract
was made, notified of this fact, and that the order was given
only to test the new metal.   There was evidence introduced
tending, as we think, to show the alleged fraud practiced upon
the defendant.   Requests for instructions were submitted by
the defendant upon the questions of fraud and the authority
of Jones to make the contract, and refused by the Court.
When the evidence was closed, and the Court had discharged
the jurors until after the noon recess, and directed them to
leave the court room, the Judge asked the defendant's counsel
what evidence there was upon the question of fraud, and the
matter was argued by the respective counsel for a short time,
whereupon the Judge remarked that the court would take a
recess and give counsel an opportunity to examine and present
any authorities they could find upon the question when the
court convened after the noon recess.   When the court re-
convened, and before anything else had been done, the de-
fendant's counsel requested the Court to give a written charge.
This was refused, upon the ground, as stated at the time by
the Judge, ·that the request was made too late.   He then
charged the jury orally, and instructed them, upon the second
issue, that there was no evidence of fraud, and that they
should answer the issue "No."

A verdict was rendered for the plaintiff, as above indicated,
whereupon the presiding Judge set it aside and directed the
following order to be entered: "The Court being of opinion
that the order for goods upon which this action is based was
not binding upon defendant, and for that reason he erred in
his charge to the jury on the first issue, not as a matter of dis-
cretion, but as a matter of right on the part of the defendant,

the Court sets aside the verdict and awards a new trial."
The plaintiff excepted and appealed.

*George H. Humber* for plaintiff.
*Guthrie & Guthrie* for defendant.

WALKER, J., after stating the case: It was stated on the
argument that the Court thought the order for the goods was
not binding upon the defendant because signed simply "Frank
D. Jones, Superintendent," without indicating for what com-
pany he was superintendent. · The reason of the Judge for
setting aside the verdict, if insufficient, is immaterial, so that
there appears a good and valid reason in the record for sus-
taining his ruling, and we are all of the opinion that such a
reason does exist.    There was evidence that Jones was an
agent of limited authority, and there was also evidence, we
think, that a fraud was practiced upon the defendant by
plaintiff's agent in his dealings with Jones, and yet the Court
instructed the jury that, if they found Jones made the order
for the metal on 19 September, 1905, they should answer the
first issue "Yes," and that the evidence in the case was not
sufficient to sustain an affirmative finding upon the second
issue, and they should answer it. "No."    The defendant's
counsel had asked instructions as to. both of these issues.
Their third prayer, as to the authority of Jones, was not very
explicit, it is true, as it referred more to the fact that Jones
had informed Jacob of his restricted authority as agent of·
the defendant than it did to the nature or extent of the
authority itself; but if a liberal construction is given to it, we
find it sufficient to embrace that feature of the case.    It
should have more definitely required the jury to find, first,
what was the nature of Jones' authority, whether limited or
unlimited, and, if they found that it was limited, whether, in
the second place, the plaintiff, through Jacobs, was notified
of the fact.    If Jones had only the restricted authority, as
testified by him, he could not, of course, exceed the limit of

his power when he made the contract.  *Brittain v. Westhall,* 135 N. C., 492; *ib.,* 137 N. C., 30; *Bank v. Hay,* 143 N. C., 326.

Whether the evidence introduced to establish the fraud was sufficient for that purpose was a question for the jury, and the Judge could express no opinion as to its weight.  Revisal, sec. 535; *Withers v. Lane,* 144 N. C., 184; *State v. Simmons,* 143 N. C., 613.  Whether there is *any* evidence upon which the jury could conclude as to the truth of the matter submitted to them for inquiry and decision, we have often said, is a question of law to be decided by the Judge (*Byrd v. Express Co.,* 139 N. C., 273; *Campbell v. Everhardt,* 139 N. C., 503; *Lewis v. Steamship Co.,* 132 N. C., 904); but, there being some evidence which is more than conjectural or speculative to establish the fact in issue, and which the law adjudges to be fit for the consideration of a jury, whether it sufficiently proves the fact or not is a question for the jury.  The cases already cited also establish this proposition, which is but the counterpart of the other.  The able and learned Judge who presided at the trial may have intended by the expression which he used to say that there was no evidence of the fraud, but, even if this was his purpose, there was error, as, in the view we take of the evidence, without setting it out at length, we think there was at least some which the jury should have been permitted to pass upon.

We also are of the opinion that the Judge erred in not reducing his charge to writing, as he was asked to do by the defendant's counsel.  The request was made in apt time.  It is impossible to distinguish this case from *Craddock v. Barnes,* 142 N. C., 89.  The principle established in that case is clearly applicable to this one.  The mere intervention of an argument by counsel, at the Judge's invitation, upon the question as to whether there was any evidence of a particular fact, when the jury had retired from the court room for the recess, and as preliminary to the discussion before them after

the recess, should not have the effect to except this case from the principle of that one.    The argument to the jury had not commenced when the request to the Court was made.    We do not see anything in the record to indicate that the Judge did not have adequate time to write out his charge after he was asked to do so.    *Sawyer v. Lumber Co.,* 142 N. C., 162, would also seem to be direct authority against the ruling of the Court that the request had come too late.    In that case the present Chief Justice said: "The defendant, at the close of the evidence, and before the argument began, requested the Court to put its charge in writing."    This means, of course, "at the close of the evidence, and before the argument (to the jury) began."    We then held that the Judge committed an error when he failed to comply with the request.

There must be a new trial, for the errors indicated in the plaintiff's appeal.

New Trial.

DEFENDANT'S APPEAL IN SAME CASE.

WALKER, J.    These two appeals have been so prepared for this Court that it has been found impossible to reach the true merits of the questions intended to be presented without considering them together and as if they had been consolidated into one.    We doubt if it was necessary for the defendant to have formally taken an appeal, as the exceptions noted in its case might well have been considered in the plaintiff's appeal. It is stated by the Judge, in the plaintiff's appeal, the case having been settled and signed by him, that all the evidence was sent up at the request of the appellant, whereas it appears by reference to the defendant's appeal that all the evidence, by some accidental omission, of course, was not, in fact, stated in the plaintiff's appeal, for there is much evidence to be found in the case as stated in the defendant's appeal which is not in the case as stated in the plaintiff's appeal.    It was intended, no doubt, and we think the cases clearly show it

to be so, that all the evidence should have been set out in the plaintiff's appeal. We have for this reason, and for others of equal or greater weight, found it absolutely necessary, for the purpose of doing justice by intelligently considering this case, to unite the two cases, as it were, into one appeal, and in this way we have been enabled to reach what we consider to be the right conclusion upon the whole matter. In view of the confusion in the record, as above indicated, we think the costs of this Court, except the costs of printing the records and briefs, should be divided between the parties. The plaintiff is adjudged to pay one-half thereof, and the defendant the other half. The plaintiff will pay the costs of printing the record and briefs in its appeal, and the defendant the cost of printing the record and briefs in its appeal. Where a new trial is granted, the awarding of costs is discretionary. Revisal, sec. 1279; *Williams v. Hughes,* 139 N. C., 18.

Regular practice and procedure would require us, under ordinary circumstances, to dismiss the defendant's appeal, as it was taken only to save its rights in case our opinion should have been adverse to it in the plaintiff's appeal, and, as we have decided the other way, a consideration of the defendant's appeal separately becomes unnecessary. We conclude, though, that an apparent departure from the strict practice in such cases is justified, under the peculiar circumstances, and the real intention of the parties will be effectuated by considering the two cases as we have done, and dividing the costs. If this course were not taken, and the plaintiff's position is the correct one, we would, perhaps, have to affirm in its appeal and award a new trial in the defendant's appeal, and thereby produce confusion and incongruity in the result. It would be vain and useless to issue a *certiorari* or any other process to perfect the case, when all the facts are before us in the two cases.

Sometimes it may be proper and legitimate practice for a party in whose favor a case has been decided to note his excep-

tions and preserve them by an appeal in case the ruling of the court is reversed here, but the instances where this practice can be justified are exceedingly rare, and it is not to be encouraged.    We do not decide that the defendant's appeal was improvidently taken in this case, though we are inclined to think the defendant's exceptions could have been presented in the plaintiff's appeal.    Let the two cases be considered as one, and the costs be divided and paid as herein directed.

New Trial, as ordered in plaintiff's appeal.