DREWRY-HUGHES COMPANY v. D. S. DAVIS.

(Filed 18 November, 1909.)

1. Compromise, Offer of—Certified Check—Previous Agreement—
   Acceptance—Partial Payment.

   When a debtor has sent his creditor a check to be accepted
   upon condition that it should be in full of an undisputed debt,
   and the creditor has it certified at the bank on which it was
   drawn, it is competent for the creditor to show in evidence, as a
   waiver or withdrawal of the condition, that the parties had
   agreed before the check was certified that it would only be a
   partial payment on the claim.

2. Same—Statutes.

   While under the statute, Revisal, secs. 2337 and 2338, the certi-
   fication of a check by the bank on which it is drawn is equivalent
   to the acceptance, and the bank then becomes the debtor to the
   holder, against whom he may maintain his action, it does not
   affect the enforcement of an agreement between the original
   parties, made before certification of the check, that the debtor
   had agreed to waive or withdraw a condition annexed to the
   acceptance of his check that it was to be received by the payee,
   his creditor, in full compromise of his debt, in a larger amount.

3. Issues, Material — Issues Set Aside — Judgment — Discretion —
   Appeal and Error.

   The setting aside of material issues found by the jury in favor
   of a plaintiff, which, in connection with the other issues, would
   entitle him to recover, and giving judgment on the verdict as it
   then stood for defendant, does not involve matters resting within
   the sound discretion of the trial judge, but those of "law or legal
   inference," from which an appeal lies; and error in setting aside
   the issues being found by the Supreme Court a judgment for
   plaintiff will be ordered.

APPEAL by plaintiff from *W. J. Adams, J.,* August Term,
1909, of UNION.

The plaintiff brought three actions against the defendant, be-
fore a justice of the peace, upon two notes, less than $200 each,
and upon an open account, the three demands amounting to
$491.36, exclusive of interest. The defendant admitted the notes
and account, and pleaded accord and satisfaction, in that, on
28 December, 1908, he sent plaintiff a check for $327.34, being
sixty-six and two-thirds per cent. of his indebtedness to plaintiff,
and marked across the face of the check, "In full of account and
notes." The plaintiff, on 30 December, 1908, wrote defendant
that it could not accept the check in full of account and notes,
and would hold the check until it could hear from defendant.
The defendant, on 15 January, 1909, wrote plaintiff that he had
been notified by a bank in Monroe that it held one of his notes
for collection, and requesting plaintiff to recall the note, as he

could not pay it. During the last of January plaintiff sent the notes, account and check to its attorney, who wrote defendant to call and see him. The defendant called and requested the attorney to accept the check. The attorney informed the defendant he could not do so. In February the attorney went to Waxhaw, where defendant lived, and requested defendant's permission to have the check certified by the bank in Waxhaw, on which it was drawn. The check was certified and the attorney and the defendant differed as to what occurred, the defendant testifying that he told the attorney to go ahead and have it certified, if he would take it as "payment in full." The attorney testified that defendant told him to have it certified; that he intended to pay that much anyhow, and, after having it certified, the defendant told him that he meant if the check was certified it should be as payment in full. The attorney told him he did not so understand it. Whereupon defendant asked him to write his clients and have them accept the check as payment in full. At and before the trial before the justice of the peace, and again at the trial in the Superior Court, the plaintiff tendered the check to the defendant. He declined to accept it. His Honor submitted the following issues to the jury, who responded thereto, as set out below:

1. "Did the plaintiff procure the check in question to be certified by the Waxhaw Banking and Trust Company, as alleged?" Answer: "Yes."

2. "Was the check certified upon an agreement between the plaintiff and defendant that the check should be accepted in part payment of the plaintiff's claim?" Answer: "Yes."

3. "Was the certification of said check procured by the fraud or deceit of the defendant?" Answer: "No."

4. "In what amount, if any, is defendant indebted to the plaintiff?" Answer: "$164.02, with interest."

His Honor instructed the jury to answer the first issue "Yes" and the third issue "No"; and if they, upon his charge and the evidence, found the second issue for the plaintiff, to answer the fourth issue "$164.02," this being the difference between the amount of the notes and the account, $491.36, and the check for $327.34. Upon the rendition of the verdict, the plaintiff moved for judgment. The defendant moved his Honor to set aside the finding on the second and fourth issues and for judgment on the first and third. The defendant's motion was allowed and judgment rendered that the plaintiff take nothing by its action and that the defendant recover his costs. The plaintiff duly excepted to the several rulings of his Honor and, assigning the same as error, appealed to this Court.

*J. J. Parker* and *R. N. McNeely* for plaintiff.
*A. M. Stack* for defendant.

MANNING, J., after stating the case: It is manifest that the learned trial judge conceived the view that the findings of the jury on the first and third issues were determinative of the rights of the parties, and their rights, so fixed, could not be affected by the other facts found by the jury. These findings to the first and third issues ascertained that the certification of the check was procured by the plaintiff, not induced by any fraud on the part of the defendant; and so little were the matters involved in these two issues controverted that his Honor instructed the jury, and properly so, to answer them as they did. The view of his Honor was rested upon sections 859, 2337 and 2338, Revisal, and the decisions of this Court in *Petit v. Woodlief,* 115 N. C., 120; *Kerr v. Saunders,* 122 N. C., 635; *Cline v. Rudisill,* 126 N. C., 525; *Wittkowsky v. Baruch,* 127 N. C., 315; *Ore Co. v. Powers,* 130 N. C., 152; *Armstrong v. Lonon,* 149 N. C., 434. Section 2337 is as follows: "Where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance." And section 2338 provides: "Where the holder of a check procures it to be accepted or certified, the drawer and all endorsers are discharged from liability thereon." These cases establish the doctrine as stated in *Ore Co. v. Powers, supra:* "Having accepted the check, with a statement in the letter that it was for balance in full, and cashed the check, the plaintiff is bound thereby, in the absence of evidence of fraud or other conduct on the part of the defendants, to relieve the plaintiff from the effect of its acceptance of the check in full payment." The effect of the finding of the jury on the second issue was to establish "the other conduct on the part of the defendant to relieve the plaintiff from the effect. of its acceptance of the check in full payment." The defendant desired the plaintiff to accept the check in full payment, though there was no denial or controversy about the amount due plaintiff by defendant. The plaintiff declined to accept the check with this condition. The check was, then, a mere offer or proposition by the defendant. The attorney of the plaintiff, in his efforts to collect, without suit, the notes and account due by defendant, procured the check to be certified, with the agreement, as found by the jury, that the check should be accepted in part payment of the plaintiff's claim. It was competent for the defendant to waive or withdraw the condition he had annexed to the acceptance of the check, and the evidence offered at the trial was sufficient to support this finding by the jury. *Strack v. Transp. Co.,* 51 N. Y. Sup.; 327; *Rank v. Wolf,*

110 N. Y., 923; *Miller v. Holden,* 18 Vt., 337; *Coal Co. v. Par-lin,* 117 Ill. App., 622; *Perin v. Cathcart,* 115 Iowa, 553; *Potter v. Douglas,* 44 Conn., 541; *Sicotte v. Barber,* 83 Wis., 431; *Fuller v. Kemp,* 138 N. Y., 231; 20 L. R. A. (old series), 785, where many cases are collected and reviewed. Giving to the two sections of the Revisal (2337 and 2338) that meaning which their words plainly import, that the certification of a check by a bank is equivalent to the acceptance of the check and the bank becomes then the debtor to the holder, against whom he can maintain his action, and that the drawer or endorser, if any, becomes discharged from liability by this change of relation of the holder to the bank, we cannot see that this would deny to the drawer the power to waive, before certification, and before the contract was completed, the condition which he attached to the acceptance of the check. We think, therefore, that the second issue was material and the evidence offered at the trial required the issue to be submitted to the jury for the determination of the truth of the matter. The fourth issue was properly answered, being the difference between the admitted indebtedness to the plaintiff and the check.

We come now to the second question presented by the appeal. It does not appear in the judgment signed by his Honor, or in the statement of the case on appeal, that the setting aside the findings of the jury to the second and fourth issues was in the exercise of the discretionary power of the trial judge. If this appeared, his ruling would be irreviewable by this Court; but even then, these issues being material, he could not have rendered judgment against the plaintiff, but could only have directed a new trial on these issues. After a full and careful review of the conflicting decisions in this State, this Court, in *Abernethy v. Yount,* 138 N. C., 337, settled the rule of practice as follows: "The verdict of a jury is a valuable right, of which a person may not be deprived, except in accordance with the law; and the action of a judge in setting it aside will not be ascribed to discretion unless he plainly says so, or there is no other explanation of his conduct." This case has been cited with approval in *Jarrett v. Trunk Co.,* 142 N. C., 466; *Billings v. Observer,* 150 N. C., 540. In our opinion, as it establishes a rule of practice and procedure, the weightiest considerations suggest that, when established, it should remain undisturbed, that the uncertainties and doubts arising from confusion may be avoided. In those cases where the rule applies both parties have the right of appeal—the one to sustain the ruling and, if not sustained, to have this Court pass upon any exceptions taken by him during the trial and duly assigned as error; the other, to convince this

Court of the error of the trial judge.   This course was followed in *Cole v. Laws,* 104 N. C., 651, and *Metal Co. v. Railroad,* 145 N. C., 293.   Adhering to the rule of practice so established, and assuming, as we must, that his Honor's rulings were made in observance of the rule, they involved "a matter of law or legal inference" and were not made in the exercise of his sound discretion.   In our opinion, these rulings were erroneous and plaintiff was entitled to judgment upon the verdict.   The judgment of his Honor is reversed, and the Superior Court of Union County will proceed to render judgment on the verdict.

Error.