Error.

---

GEORGE LIKAS ET AL. v. ELLA M. LACKEY ET AL.

(Filed 7 November, 1923.)

**1. Appeal and Error—Objections and Exceptions—Courts—Verdict Set Aside—Presumptions.**

Where the trial judge sets aside a verdict without stating his grounds therefor, upon exception on appeal he will be presumed to have done so as a conclusion of law, from which an appeal immediately lies.

**2. Same—Burden of Proof.**

An exception to the order of the court setting aside a verdict is alone insufficient to have the matter reversed on appeal, the presumption being that the order was correct in law, and the burden upon appellant to show error.

**3. Same—Trials—Pending Appeal—New Trials.**

Where the cause has been tried at a previous term of the court, and the judge has set aside the verdict under the appellant's exception, and, pending his due prosecution of his appeal, without laches on his part, the judge has forced him into another trial under his exception that the case was pending on appeal, resulting adversely to him, the action of the judge in overruling the exception and proceeding with the second trial is contrary to our statutes (C. S., sec. 655), and a new trial will be ordered on appeal.

CLARK, C. J., dissenting.

CIVIL ACTION tried before *Devin, J.,* and a jury at March Term, 1923, of CUMBERLAND.

The parties signed a paper-writing purporting to be a lease from the defendants to the plaintiffs for a storehouse in Hamlet. The plaintiffs brought suit to recover damages for the defendants' breach of the contract in failing to give possession of the property. The material facts are stated in the opinion.

*Cook & Cook and W. C. Downing for plaintiffs.*
*Dye & Clark for defendants.*

ADAMS, J. The case was first tried at the February term and resulted in a verdict for the defendants. Without assigning any reason at the time, the court of its own motion set aside the verdict, and the defendants excepted and appealed. The case on appeal was duly served, and there was no exception or counterstatement. At the March term the case was again called for trial, and the defendants objected to proceeding on the ground that their appeal was pending; whereupon his Honor held that the appeal was dilatory and did not constitute a sufficient cause for continuance. To this ruling the defendants noted an exception and the case was tried the second time, resulting in a verdict for the plaintiffs. The defendants again excepted and appealed.

When the first verdict was returned, the following entry was made: "The court of its own motion sets the verdict aside in the above."

In several decisions it has been held that a judge in setting aside a verdict should assign his reason for doing so, and if no reason be given, his action will be ascribed, not to discretion, but to a conclusion of law from which an immediate appeal may be taken. *Abernethy v. Yount,*

138 N. C., 338; *Jarrett v. Trunk Co.,* 142 N. C., 466; *Drewry v. Davis,* 151 N. C., 295. In the statement of the case on the second appeal, his Honor assigned the exercise of discretion as the ground upon which the first verdict was vacated, and if this entry had been made a part of the original order his Honor would have been justified in disregarding the first appeal; but the second trial occurred after the first appeal had been taken and while it was pending, and the subsequent entry as to the court's discretion, made after the adjournment of the February term, could not deprive the defendants of their right to test in the appellate court the validity of the order as it was originally made setting aside the first verdict.

There were two trials, and there are two statements of case on appeal. In the first statement the only assignment of error is the action of the court in vacating the first verdict. The exception cannot be sustained because, as held in *Drewry v. Davis, supra,* it was incumbent upon the appellants to show error in the order, the presumption being in favor of its validity. *Powers v. Wilmington,* 177 N. C., 361. The record of the first trial was not sent up as a part of the case on appeal; it does not appear whether the defendants excepted to the admission or rejection of evidence or to any of the instructions to the jury or to anything that occurred during the trial. The defendants' assignment of error is not sufficient to rebut the presumption that the order was correct or to show that his Honor was in error. In *Drewry v. Davis, supra,* it is said: "In those cases where the rule applies, both parties have the right to appeal—the one to sustain the ruling and, if not sustained, to have the court pass upon any exceptions taken by him during the trial and duly assigned as error; the other to convince this Court of the error of the trial judge. This course was followed in *Cole v. Laws,* 104 N. C., 651, and *Metal Co. v. R. R.,* 145 N. C., 293." In *Abernethy v. Yount, supra,* exceptions to the introduction of evidence appeared in the case on appeal, and it was suggested that if other exceptions were taken at the trial the appellant should have put them in the record.

But there is sufficient reason for granting a new trial. When the case was called at the March term the defendants excepted to the court's ruling that the first appeal was dilatory and that the case should be tried unless there was other cause for a continuance. This exception, we think, is meritorious. It is supported by the principle stated in *Pruett v. Power Co.,* 167 N. C., 598. There the defendant appealed to the Supreme Court from an order denying its petition to remove the case to the Federal Court on the ground of diversity of citizenship. Pending the appeal, the cause was tried in the Superior Court, the defendant retaining its rights under the petition. On appeal the order

denying the motion for removal was affirmed, but on appeal from the final judgment it was held that the lower court was without power to hear and determine the issues arising on the pleadings pending the appeal, and that the verdict and judgment should be set aside. This decision is controlling in. the instant case. When the defendants appealed from the order setting aside the verdict and granting a new trial, further proceedings should have been stayed until the appeal was determined. C. S., sec. 655.

It is true the first appeal was not docketed in the Supreme Court at the time of the second trial, but the statement was served on 17 March, and two days later, on the first day of the next term, his Honor made the ruling of which the defendants complained. It seems the second trial took place before the time had expired for perfecting the appeal in the appellate court, and under these circumstances laches can hardly be imputed to the defendants.

The verdict and judgment entered of record at the second trial are set aside and a new trial is awarded.

New trial.

CLARK, C. J., dissenting: Up to and including· the case of *Bird v. Bradburn,* 131 N. C., 490, it was held uniformly, in all our opinions, that "where the trial judge sets aside the verdict without giving a reason, if no reason is given, it is presumed that a new trial was granted as a matter of discretion, and the appeal will be dismissed." *Braid v. Lukins,* 95 N. C., 123; *S. v. Braddy,* 104 N. C., 737, quoting other cases, and this case itself has been cited with approval. See citations in the Annotated Edition.

In *Abernethy v. Yount,* 138 N. C., 338, the Court for the first time, by a division of three to two, held that when the judgment is set aside without any statement by the judge, it was an error for which a new trial would be granted. This was not only a departure from the uniform decisions of the courts down to that time, which are cited in the dissenting opinion in profusion by the two dissenting judges, who added (p. 346), as a matter of reason as well as of precedent, the following: "The presumption always is in favor of the correctness of the trial below, and he who alleges error must assign and show error. This is elementary. If this new trial was granted as a matter of discretion, there could be no error. If it was granted for error in law which the judge thought he had committed, it would be a reviewable question to decide whether or not there was error committed by him. If it does not appear upon which ground the court put its action, and appellant's counsel did not ask that it should be stated, it will be presumed that

26—186

there was no error, and that the judge did what he had a right to do and granted a new trial in his discretion. Besides, if the new trial was granted for error in law, committed by the judge, it is absolutely necessary that the judge find the facts; otherwise, it cannot be seen whether he did or did not in fact commit error of law. To reverse the judgment without such finding is to order a final judgment below when not appealing—he had no chance to file exceptions. He has had no showing on this appeal—no day in court. When the judge puts his ruling upon the ground that he committed an error of law he finds the facts, and the alleged error of law is presented. This has been the case in every instance where an appeal has been taken because the judge below granted a new trial upon a matter of law." The reasons in full and citations of the uniform decisions are stated by the two dissenting judges in that case, 138 N. C., 346-350. On the other hand, in no case which has come up to the Court since has *Abernethy v. Yount* been squarely approved on this point, though cited on other points. In that case the defendant, appellee, was so satisfied that the uniform precedents of this Court and others would be followed that he was not even represented by counsel, and his side was not presented or argued.

Not only have the rulings of the Court since that time not been directly approved, but in this present case, when the new trial was granted by Judge Devin and came before the same judge at the next term when the case was called, he found as a fact that while on the record at the first trial he assigned as grounds for setting aside the verdict that he did so "on his own motion," he finds as a fact that he set it aside as a matter of discretion and to make the record speak the truth, it was eminently proper he should correct the record.

It follows, therefore, that if the grounds of his ruling had been asked for when the first verdict was set aside or any exception taken he would have stated that it was done as a matter of discretion. There was properly, therefore, an absolute new trial at the second term, and no wrong was done. Neither side should have taken any advantage from anything that was done at the former trial.

But to impute to him that he set aside the former verdict as a matter of law, when the same judge finds as a fact that it was not so set aside, puts the appellee in the present case at a disadvantage which he should not bear. The record states that when the first verdict was returned the following entry was made: "The court of its own motion sets the verdict aside in the above case." The judge also finds on this trial that as a matter of fact the verdict was set aside in the first case in his discretion. The record in the first trial was not sent up as a part of the case on appeal, but the defendants did not except to the admission or rejection of evidence or to any instructions to the jury or to anything

that occurred during the trial. As the majority opinion in this case states the defendants' assignment of error is not sufficient to rebut the presumption that the order was correct or to show that his Honor was in error.

Under all the precedents, other than the opinion by a divided Court in *Abernethy v. Yount* and the two or three cases that have partially followed it, the first attempted appeal was a nullity, for none lay from setting aside a verdict unless it was stated to have been done "for error of law."

Under *Abernethy v. Yount,* if the verdict was set aside, without stating it was done in the discretion of the judge, it was appealable unless no facts are found, in which case it is not, and that is the case here, and it is in the same condition exactly as if it were stated to be set aside "in the discretion of the court." So what is the difference?

Even under *Abernethy v. Yount,* the first appeal in this case was a nullity, for the judge who tried both cases finds, as a fact, that he set it aside "in his discretion"; and, besides, he had power, considered only as trial judge in the second trial, to "correct the record to speak the truth" or to find the facts, as he does, of what occurred on the first trial.

And even the majority opinion in this case holds that the setting aside of the verdict in the first case must be sustained; so, in any event and from every point of view, there was no verdict standing to prevent the second trial, and the judge was correct in so holding.

The exceptions on the second trial, which are before us, therefore, should be considered and decided. Technicalities no longer should interfere with the trial of cases on their merits to the increase of useless costs and unnecessary delays.