CLARK, C. J., dissenting.
The parties signed a paper-writing purporting to be a lease from the defendants to the plaintiffs for a storehouse in Hamlet. The plaintiffs brought suit to recover damages for the defendants' breach of the contract in failing to give possession of the property. The material facts are stated in the opinion.
The case was first tried at the February term and resulted in a verdict for the defendants. Without assigning any reason at the time, the court of its own motion set aside the verdict, and the defendants excepted and appealed. The case on appeal was duly served, and there was no exception or counterstatement. At the March term the case was again called for trial, and the defendants objected to proceeding on the ground that their appeal was pending; whereupon his Honor held that the appeal was dilatory and did not constitute a sufficient cause for continuance. To this ruling the defendants noted an exception and the case was tried the second time, resulting in a verdict for the plaintiffs. The defendants again excepted and appealed.
When the first verdict was returned, the following entry was made: "The court of its own motion sets the verdict aside in the above."
In several decisions it has been held that a judge in setting aside a verdict should assign his reason for doing so, and if no reason be given, his action will be ascribed, not to discretion, but to a conclusion of law from which an immediate appeal may be taken. Abernethy v. Yount, *Page 400 138 N.C. 338; Jarrett v. Trunk Co., 142 N.C. 466; Drewry v. Davis,151 N.C. 295. In the statement of the case on the second appeal, his Honor assigned the exercise of discretion as the ground upon which the first verdict was vacated, and if this entry had been made a part of the original order his Honor would have been justified in disregarding the first appeal; but the second trial occurred after the first appeal had been taken and while it was pending, and the subsequent entry as to the court's discretion, made after the adjournment of the February term, could not deprive the defendants of their right to test in the appellate court the validity of the order as it was originally made setting aside the first verdict.
There were two trials, and there are two statements of case on appeal. In the first statement the only assignment of error is the action of the court in vacating the first verdict. The exception cannot be sustained because, as held in Drewry v. Davis, supra, it was incumbent upon the appellants to show error in the order, the presumption being in favor of its validity. Powers v. Wilmington, 177 N.C. 361. The record of the first trial was not sent up as a part of the case on appeal; it does not appear whether the defendants excepted to the admission or rejection of evidence or to any of the instructions to the jury or to anything that occurred during the trial. The defendants' assignment of error is not sufficient to rebut the presumption that the order was correct or to show that his Honor was in error. In Drewry v. Davis, supra, it is said: "In those cases where the rule applies, both parties have the right to appeal — the one to sustain the ruling and, if not sustained, to have the court pass upon any exceptions taken by him during the trial and duly assigned as error; the other to convince this Court of the error of the trial judge. This course was followed in Cole v. Laws, 104 N.C. 651, and Metal Co. v. R. R.,145 N.C. 293." In Abernethy v. Youth, supra, exceptions to the introduction of evidence appeared in the case on appeal, and it was suggested that if other exceptions were taken at the trial the appellant should have put them in the record.
But there is sufficient reason for granting a new trial. When the case was called at the March term the defendants excepted to the court's ruling that the first appeal was dilatory and that the case should be tried unless there was other cause for a continuance. This exception, we think, is meritorious. It is supported by the principle stated in Pruett v. PowerCo., 167 N.C. 598. There the defendant appealed to the Supreme Court from an order denying its petition to remove the case to the Federal Court on the ground of diversity of citizenship. Pending the appeal, the cause was tried in the Superior Court, the defendant retaining its rights under the petition. On appeal the order *Page 401 
denying the motion for removal was affirmed, but on appeal from the final judgment it was held that the lower court was without power to hear and determine the issues arising on the pleadings pending the appeal, and that the verdict and judgment should be set aside. This decision is controlling in the instant case. When the defendants appealed from the order setting aside the verdict and granting a new trial, further proceedings should have been stayed until the appeal was determined. C. S., sec. 655.
It is true the first appeal was not docketed in the Supreme Court at the time of the second trial, but the statement was served on 17 March, and two days later, on the first day of the next term, his Honor made the ruling of which the defendants complained. It seems the second trial took place before the time had expired for perfecting the appeal in the appellate court, and under these circumstances laches can hardly be imputed to the defendants.
The verdict and judgment entered of record at the second trial are set aside and a new trial is awarded.
New trial.